J-A08003-16

2016 PA Super 153

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN A. DUFFY, | |
| Appellant | No. 1279 EDA 2015 |

Appeal from the Judgment of Sentence April 2, 2015
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000005-2012

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

OPINION BY BOWES, J.:                          **FILED JULY 15, 2016**

Brian A. Duffy appeals from the April 2, 2015 order, which was docketed on April 7, 2015.  In the order, the trial court revoked his parole and re-sentenced him to serve the balance remaining on his original sentence.[1]  We quash the appeal as untimely.

On April 12, 2012, Appellant entered into a negotiated plea to charges of driving under the influence and driver required to be licensed, which arose

_____

[1] Appellant's parole was revoked and he was ordered to serve the balance of his sentence at a hearing on April 2, 2015.  He purported to appeal from an April 7, 2015 order, which was the date the April 2, 2015 sentencing order was entered on the docket.  The caption reflects our determination that any appeal properly lies from the date when parole was revoked and sentence imposed.  *See* Pa.R.Crim.P. 708(E).

_____

*  Retired Senior Judge assigned to the Superior Court.

from his arrest on July 10, 2011.[2]  A bench warrant issued when he failed to appear for his sentencing on July 12, 2012.  Appellant was eventually apprehended and, after determining that he was not eligible for Recidivism Risk Reduction Incentive ("RRRI") sentencing, the court sentenced Appellant on August 23, 2012, to one to three years in the Pike County Correctional Facility.

On August 14, 2013, having served his minimum period of incarceration, Appellant filed a petition for parole.  Following a hearing on August 23, 2013, Appellant was released on parole.  Approximately one year later, Appellant's parole officer filed a violation petition alleging that Appellant failed to report as scheduled, went to Florida without permission, and failed to abstain from possession and/or use of a controlled substance, *i.e.*, methamphetamine.

When Appellant failed to surrender, he became a fugitive.  He thereafter was arrested in South Carolina.  He was extradited to Pennsylvania on or about February 20, 2015, and, after a defense continuance, a parole violation hearing was held on April 2, 2015.  The court found Appellant to be in violation of his parole, noting that he was in noncompliance with his sentencing order, his parole conditions, and that he

---

[2] The record indicates that three counts of DUI were pending against Appellant when he entered the negotiated plea to one DUI count herein.

had failed to benefit from the court's leniency. The court sentenced Appellant to confinement in Pike County for the remainder of his original sentence without re-parole. Appellant was advised on the record that he had a right to file a motion to modify sentence within ten days and to appeal his sentence within thirty days, and that he "must exercise those rights within those timeframes or he loses those rights." N.T., 4/2/15, at 46.

Appellant filed a timely motion in which he asked the court to reconsider his sentence. That motion was denied on April 13, 2015. Appellant filed the within appeal on May 6, 2015, complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court penned its Rule 1925(a) opinion. Appellant presents two questions for our review:

> 1. Did the trial court commit errors of law or abuse of discretion in determining the defendant to be in violation of the terms of his parole?
>
> 2. Did the trial court commit errors of law or abuse of discretion in remanding the defendant to serve the balance of his term of incarceration without consideration for re-parole, where there were fundamental flaws in the determination of the nature and extent of the defendant's parole violations?

Appellant's brief at 5.

Preliminarily, we address the timeliness of the instant appeal. Since it implicates our jurisdiction, we may raise the issue *sua sponte*. ***Commonwealth v. Dreves***, 839 A.2d 1122, 1126 n. 4 (Pa.Super. 2003)

(*en banc*); **see Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005) (*sua sponte* raising timeliness of an appeal where Pa.R.Crim.P. 720(A)(1) post-sentence motion was filed more than ten days after imposition of sentence and did not toll appeal period).

Appellant's parole was revoked and he was recommitted to serve the balance of his original sentence at the April 2, 2015 parole revocation hearing. A sentencing order was not docketed until April 7, 2015. Appellant characterizes the order from which he appeals as the April 7, 2015 order, the date when the order was entered on the docket, which would make the instant appeal, filed May 6, 2015, timely. As analyzed, *infra*, time commences to run in the sentencing context when sentence is imposed, *i.e.*, from the date sentence is pronounced in open court. Thirty days from April 2, 2015 was May 2, 2015, a Saturday. Thus, utilizing the date of the hearing, Appellant had until Monday, May 4, 2015, to file a timely appeal. The issue before us is what triggers the running of the 30-day appeal period in the parole revocation context: the imposition of the sentence in open court or the date a sentencing order was docketed.[3]

_____

[3] The fact that Appellant filed a timely motion for reconsideration of his sentence does not implicate our decision. In contrast to Pa.R.Crim.P. 720, where a timely-filed post-sentence motion tolls the 30 day appeal period, probation and parole revocation are governed by Pa.R.Crim.P. 708(E). That rule specifically provides that the filing of a motion to modify sentence within ten days of its imposition does not toll the thirty-day appeal period. *(Footnote Continued Next Page)*

We turn first to Pa.R.Crim.P. 708(E), the rule applicable to violation of parole hearings. It provides that the ten-day period for filing a motion to modify sentence commences to run when sentence is imposed. It also states that the filing of a motion to modify does not toll the running of the thirty-day period for the filing of an appeal. Thus, whether a sentence is imposed when pronounced or docketed is determinative of when the appeal period starts to run and the timeliness of the instant appeal.

This question was addressed in the context of Pa.R.Crim.P. 720(A)(1) in *Commonwealth v. Green*, 862 A.2d 613 (Pa.Super. 2004). Rule 720(A)(1) provides: "(1) Except as provided in paragraph (D) [dealing with summary cases], a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." *Id*. The issue before us in *Green* was whether the appellant's August 2, 2002 post-sentence motion was timely filed where sentence was pronounced on July 22, 2002, but not docketed until July 31, 2002. The question turned on whether sentence was **imposed** when pronounced or docketed. Utilizing the date when sentence

(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Pa.R.Crim.P. 708(E). *See also Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa.Super. 2003)("An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether . . . she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied.") *Accord Commonwealth v. Coleman*, 721 A.2d 798 (Pa.Super. 1998).

was pronounced, July 22, 2002, the appellant had until August 1, 2002 to file her post-sentence motion, or the motion would be untimely. The post-sentence motion, if untimely, would not operate to toll the running of the thirty-day appeal period and hence, the appeal would have been untimely. *See Dreves*, *supra*. However, using the date on which the sentence was entered on the docket, July 31, 2002, the post-sentence motion and appeal would have been timely.

We set out to determine whether the ten-day period prescribed in Rule 720(A)(1) began to run on the date sentence was pronounced or the date it was entered on the docket. We concluded that the ten-day period for filing a post-sentence motion under Rule 720 commenced on the date sentence was imposed, which was the date the trial court pronounced the sentence. This interpretation comported with the plain language of Pa.R.Crim.P. 720(A)(1). We viewed the choice of the word "imposition" rather than "date of entry" as a strong indicator that our High Court intended the date when sentence was pronounced to be the reference point for computing the time for filing post-sentence motions. We found support for our position in Rule 720(A)(4), which addressed the situation where the Commonwealth filed a motion to modify sentence pursuant to Rule 721. In that case, the rule expressly provided that "the defendant's notice of appeal shall be filed **within 30 days of the entry of the order** disposing of the Commonwealth's motion[,]" as distinguished from imposition. Pa.R.A.P.

720(A)(4) (emphasis added). Thus, the use of "imposition" in subdivision (a)(1) was not inadvertent.

We also found this interpretation to be consistent with our treatment of Pa.R.Crim.P. 704(A)'s requirement that a sentence be imposed within ninety days of conviction or plea. In determining whether a sentence was imposed within that timeframe, we have consistently used the date of the sentencing hearing, that is, the date the sentence was pronounced rather than the date of docketing. *See generally, Commonwealth v. Anders,* 699 A.2d 1258, 1260-62 (Pa.Super. 1997), *reversed on other grounds, Commonwealth v. Anders*, 725 A.2d 170 (Pa. 1999) (interpreting former Rule 1405, requiring that sentence be imposed within 60 days of conviction or plea).[4]

Furthermore, we found this construction reasonable in light of the requirement that courts inform defendants immediately after imposing sentence of their right to file a post-sentence motion and an appeal and the

---

[4] In *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa.Super. 2004), we noted that the Rules Committee stated, "As a general rule, the date for sentencing should be scheduled at the time of conviction or entry of a plea of guilty or *nolo contendere.*" We reasoned that, if date of sentencing was synonymous with the date of docketing of the sentence, the trial court would be handicapped in its efforts to schedule sentencing as "docketing of a sentence is a ministerial act performed by the trial court's prothonotary or the clerk of courts and the trial court has little or no control over when a sentence is docketed." *Id*.

time periods in which these actions must be taken. Recognizing that trial courts have no control over when the order is docketed, we concluded that "the better course" was to interpret Pa.R.Crim.P. 720(A)(1) as providing that, regardless of the date the sentence was entered on the docket, a written post-sentence motion must be filed no later than 10 days after the date of imposition of sentence.[5] *See Commonwealth v. Nahavandian*, 954 A.2d 625, 629 (Pa.Super. 2008) (notice of appeal filed within thirty days of the court's denial of a post-sentence motion that was filed within ten days of the order's docketing, but more than ten days after sentence was pronounced in open court, was untimely).

_____

[5] We also recognized in *Commonwealth v. Green*, 862 A.2d 613, 620 (Pa.Super. 2004), that if imposition of sentence was construed to mean docketing, it would lead to absurd results in the allocution context. It would permit a sentencing court to deny a defendant his right of allocution prior to the pronouncement of sentence as long as the court permitted the defendant to exercise his right prior to the docketing of the sentence. We rejected that interpretation in *Commonwealth v. Hague*, 840 A.2d 1018 (Pa.Super. 2003) (finding arguable merit in claim that the appellant had been denied his right of allocution at sentencing where he was asked immediately **after** he was sentenced if he had anything to say, and that counsel was ineffective for not raising the issue at sentencing or on direct appeal). We equated imposition of sentence with pronouncement of sentence, stating, "The significance of allocution lies in its potential to sway the court toward leniency prior to imposition of sentence. Permitting the defendant to speak after sentence has been imposed fails to meet the essence of the right of allocution." *Id*. at 1020.

Pa.R.Crim.P. 708(E), like Pa.R.Crim.P. 720(A)(1), looks to the date when sentence was imposed as the triggering event for the running of the period to file a motion to modify sentence. It provides:

**(E)** Motion to Modify Sentence

A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the **date of imposition**. The filing of a motion to modify sentence will not toll the 30-day appeal period.

Pa.R.Crim.P. 708(E) (emphasis added).

Based upon our reasoning in *Green*, we find that the date of imposition of sentence in Pa.R.Crim.P. 708(E) is the date when sentence was pronounced in open court.[6] Since the filing of a motion to modify sentence does not toll the running of the appeal period, it logically follows that the thirty-day appeal period also commences to run when sentence is imposed at the hearing, rather than when the order is docketed.

Sentence was imposed herein on April 2, 2015. Appellant had thirty days from that date to file a timely appeal. Since the thirtieth day, May 2, 2015, fell on a Saturday, Appellant had until Monday, May 4, 2015, to file a

_____

[6] The trial court correctly advised Appellant at sentencing of his post-sentence motion and appeal rights. Thus, there was no breakdown that would justify the untimely appeal as in *Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa.Super. 2003) (declining to quash untimely appeal as court's misstatement of the appeal period constituted a breakdown in the court's operation).

timely appeal. The instant appeal filed May 6, 2015 is untimely, and we lack jurisdiction to entertain it.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2016