J-S73014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALGIS M. DIAZ | : | |
| | : | |
| Appellant | : | No. 469 MDA 2017 |

Appeal from the PCRA Order May 4, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0002021-2010,
CP-14-CR-0002027-2010, CP-14-CR-0002028-2010,
CP-14-CR-0002032-2010, CP-14-CR-0002034-2010,
CP-14-CR-0002038-2010

BEFORE:   OLSON, DUBOW and STRASSBURGER,* JJ.

JUDGMENT ORDER BY OLSON, J.:              **FILED DECEMBER 21, 2017**

Appellant, Algis M. Diaz, appeals from the May 4, 2016 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We quash.

As we dispose of this appeal on procedural grounds, we only set forth the procedural history relevant to our disposition.  On July 21, 2011, Appellant pled guilty to three counts of burglary,[1] robbery,[2] forgery,[3] and theft by

---

[1] 18 Pa.C.S.A. § 3502(a).

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[3] 18 Pa.C.S.A. § 4101(a)(3).

---

*   Retired Senior Judge assigned to the Superior Court.

unlawful taking.[4]  The trial court immediately sentenced him to an aggregate term of 6 to 12 years' imprisonment.  Appellant did not file a direct appeal.

On March 26, 2015, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed an amended petition.  On May 4, 2016, the PCRA court dismissed the petition.  This Court quashed Appellant's appeal from that order as untimely.  ***Commonwealth v. Diaz***, 1029 MDA 2016 (Pa. Super. Oct. 31, 2016) (*per curiam*).

On November 16, 2016, Appellant filed a *pro se* petition seeking reinstatement of his direct appellate rights *nunc pro tunc*.  On February 21, 2017, the PCRA court granted the petition and reinstated Appellant's direct appellate rights *nunc pro tunc*.  Thereafter, the trial court appointed counsel to prosecute the appeal.  On March 16, 2017, Appellant again appealed from the May 4, 2016 order dismissing his PCRA petition.[5]

Appellant presents one issue for our review:

Did the PCRA court commit an error of law and/or abuse of discretion by dismissing [Appellant's] PCRA petition without a hearing on the issue of timeliness?

Appellant's Brief at 4 (complete capitalization omitted).

Prior to considering Appellant's lone issue, we must *sua sponte* consider whether we have jurisdiction over this appeal.  ***See Commonwealth v.***

---

[4] 18 Pa.C.S.A. § 3921(a).

[5] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

***Grove***, 170 A.3d 1127, 1137 (Pa. Super. 2017) (citation omitted). Appellant appeals from the May 4, 2016 order dismissing his PCRA petition. Notice of Appeal, 3/16/17, at 1. An appeal from the denial of PCRA relief must be filed within 30 days. ***See*** Pa.R.A.P. 903(a). Appellant filed his notice of appeal on March 16, 2017 – more than ten months after the order was entered. Hence, it is patently untimely.[6] We lack jurisdiction over untimely appeals. ***Commonwealth v. Duffy***, 143 A.3d 940, 944 (Pa. Super. 2016). Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/21/2017</u>

---

[6] As noted above, the trial court's February 21, 2017 order granted Appellant the right to file a direct appeal *nunc pro tunc*, *i.e.*, to appeal from the July 21, 2011 judgment of sentence. Contrary to Appellant's appointed counsel's mistaken belief, the trial court did not grant Appellant permission to appeal the May 4, 2016 order *nunc pro tunc*.