J-S13029-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 : PENNSYLVANIA
                                                 :
                    v.                           :
                                                 :
                                                 :
BRIAN E. LYON, III                               :
                                                 :
                    Appellant                    :     No. 1221 WDA 2017
                                                 :

Appeal from the Judgment of Sentence July 24, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000738-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 : PENNSYLVANIA
                                                 :
                    v.                           :
                                                 :
                                                 :
                                                 :
BRIAN LYON                                       :
                                                 :
                    Appellant                    :     No. 1222 WDA 2017
                                                 :

Appeal from the Judgment of Sentence July 24, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0002169-2006

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 : PENNSYLVANIA
                                                 :
                    v.                           :
                                                 :
                                                 :
BRIAN LYON, II                                   :
                                                 :
                    Appellant                    :     No. 1223 WDA 2017
                                                 :

J-S13029-18

Appeal from the Judgment of Sentence July 24, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0002492-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY SHOGAN, J.:                    FILED MARCH 23, 2018

Brian Lyon ("Appellant")[1] appeals the judgments of sentence entered following a parole/probation violation hearing pursuant to Gagnon v. Scarpelli, 411 U.S. 778 (1973) ("Gagnon II").  We quash the appeals.

The trial court summarized the history of this case in its Pa.R.A.P. 1925(a) opinion to this Court, which we adopt herein.  Trial Court Opinion, 9/29/17, at 1–4.  In short, the trial court conducted a Gagnon II hearing on July 24, 2017, regarding the above three dockets, and found that Appellant had violated his probation and parole.  As a result of Appellant's probation violations, the trial court imposed a sentence of total confinement at docket number CR-2169-2006.  As a result of Appellant's parole violations, the trial court recommitted Appellant to serve the balance of his original sentences of total confinement at docket numbers CR-738-2015 and CR-2492-2016. Appellant filed a post-sentence motion for modification of his sentence.

_____

[1]  Although the three captions differ in their identification of Appellant with regard to a suffix, our review of the record confirms that Appellant is the individual involved in all three appeals.

- 2 -

Following argument, the trial court denied Appellant's motion.  Appellant filed appeals at each of the three dockets.[2]

We address the timeliness of the instant appeals.  Because it implicates our jurisdiction, we may raise the issue sua sponte.  Commonwealth v. Duffy, 143 A.3d 940, 942 (Pa. Super. 2016).  An appellant has thirty days from the date a judgment of sentence was pronounced in open court in which to file an appeal.  Pa.R.A.P. 903(a); Commonwealth v. Green, 862 A.2d 613 (Pa. Super. 2004).  In the context of a direct sentencing, the filing of a post-sentence motion for modification tolls the appeal period.  Pa.R.Crim.P. 720(A)(2).  However, in the context of a revocation sentence, the filing of a post-sentence motion for modification does not toll the appeal period. Pa.R.Crim.P. 708(E).

Here, the trial court pronounced Appellant's revocation sentences in open court on Monday, July 24, 2017.  Thus, Appellant had until Wednesday, August 23, 2017, to appeal the sentences.  Pa.R.A.P. 903(a).  Although Appellant filed a timely post-sentence motion for modification, that motion did not toll the appeal period.  Pa.R.Crim.P. 708(E).  Consequently, the instant appeals filed on August 24, 2017, are untimely, and we lack jurisdiction to entertain them.  Duffy, 143 A.3d at 944.

Appeals quashed.

_____

[2] This Court consolidated the appeals sua sponte.  Order, 9/12/17.