J-A13009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF MARY AGNES LEWIS A/K/A MARY A. LEWIS, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: RICHARD T. LEWIS | : : : : : | |
| | : | No. 1192 WDA 2017 |

Appeal from the Order July 24, 2017
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s):  No. 02-15-00342

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:                    **FILED MAY 16, 2018**

Appellant, Richard T. Lewis, appeals *pro se* from the order entered on July 24, 2017.  We quash in part and affirm in part.

As our disposition is based solely on the procedural posture of this case, we decline to set forth the factual background.  On January 16, 2015, letters testamentary were granted to Lyndarnell Lewis ("Executrix") after the death of her mother Mary A. Lewis ("Decedent").  Appellant, Decedent's son, objected to the probate of Decedent's will.  On January 7, 2016, the trial court dismissed Appellant's petition challenging the probate of the will, granted Executrix possession of Decedent's former residence, and ordered Appellant to vacate the residence within 30 days.  Appellant filed a timely notice of appeal.  This Court quashed the appeal for failure to comply with briefing

requirements. *In re Estate of Lewis*, 159 A.3d 40, 2016 WL 5922638 (Pa. Super. 2016) (unpublished judgment order).

Appellant failed to comply with the January 7, 2016 order to vacate the residence. Thus, Executrix petitioned to evict Appellant from Decedent's former residence. On July 24, 2017, the trial court authorized the Allegheny County Sheriff to evict Appellant if he did not vacate Decedent's former residence within 20 days. Appellant filed the instant appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). Appellant filed his concise statement on September 8, 2017.

Appellant presents two issues for our review:

1. Whether Appellant was denied a full and fair hearing and disposition of the case on the merits based upon well-established legal principles and precedents, in violation of the due process clause[s] of the Pennsylvania and United States constitutions – through procedural manipulation and shenanigans of counsel?

2. Whether the [trial] court violated Appellant's right to due process of law by arbitrarily issuing an order and by refusing to allow Appellant to present a petition to the court?

Appellant's Brief at vii (complete capitalization removed).

In his first issue, Appellant challenges the trial court's January 7, 2016 order. That order was a final order under Pennsylvania Rule of Appellate Procedure 341(a). Therefore, any appeal from that order had to be filed within 30 days. *See* Pa.R.A.P. 903(a). Appellant filed the instant notice of appeal over 17 months after that 30-day time period expired. Accordingly, we lack

jurisdiction to consider the merits of Appellant's first issue and quash that portion of this appeal. *See Commonwealth v. Duffy*, 143 A.3d 940, 944 (Pa. Super. 2016).

In his second issue, Appellant argues that the trial court violated his right to due process of law. This argument is waived as Appellant failed to include it in his concise statement. *See* Pa.R.A.P. 1925(b)(4)(vii). As Appellant waived the only issue over which we have jurisdiction, we affirm the trial court's July 24, 2017 order.

Appeal quashed in part. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2018