J-A13002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN NYE | : | |
| | : | |
| Appellant | : | No. 1268 WDA 2017 |

Appeal from the Judgment of Sentence Entered on May 15, 2017
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0002186-2015

BEFORE: OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: FILED JULY 27, 2018

Appellant, Ryan Nye, appeals from the judgment of sentence entered on May 15, 2017. We quash this appeal.

On January 10, 2017, Appellant entered an open guilty plea to aggravated assault and persons not to possess firearms.[1] The trial court scheduled Appellant's sentencing hearing for March 1, 2017. Trial Court Order, 1/10/17, at 1.

As the trial court noted, prior to sentencing (and while Appellant was represented by counsel), Appellant filed a pro se motion to withdraw his guilty plea. Trial Court Order, 3/1/17, at 1. Further, during the scheduled, March 1, 2017 hearing, Appellant "restated his desire [to withdraw his guilty plea] in open court." Id. As a result, the trial court did not proceed to sentencing

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 6105(a)(1), respectively.

and, instead, issued a rule upon the Commonwealth to show cause as to why Appellant's motion should not be granted. Id.

On April 10, 2017, the trial court held a hearing on Appellant's motion to withdraw his plea. The trial court denied Appellant's motion on April 17, 2017 and, on May 12, 2017, the trial court sentenced Appellant to serve an aggregate term of 11 ½ to 30 years in prison for his convictions.[2]

On May 24, 2017 – while Appellant was still represented by counsel – Appellant filed a pro se motion to withdraw his guilty plea. In accordance with Pennsylvania Rule of Criminal Procedure 576(A)(4), the prothonotary "accepted the document for filing, time stamped it with the date of receipt, made a docket entry reflecting the date of receipt, and placed the document in the criminal case file." Letter from Beaver County Prothonotary to Appellant's Counsel, 5/25/17, at 1; see also Pa.R.Crim.P. 576(A)(4). Further, the prothonotary forwarded the document to Appellant's trial counsel and the attorney for the Commonwealth. Letter from Beaver County Prothonotary to Appellant's Counsel, 5/25/17, at 1; see also Pa.R.Crim.P. 576(A)(4).

The trial court took no action on Appellant's pro se filing and Appellant did not file a timely notice of appeal from his judgment of sentence.

On May 26, 2017, Appellant's trial counsel petitioned the trial court for leave to withdraw, as Appellant's pro se post-sentence motion accused him of providing ineffective assistance by coercing Appellant's plea. See Petition to

_____

[2] On May 15, 2017, trial court issued an amended sentencing order, which corrected certain clerical errors.

- 2 -

Withdraw, 5/26/17, at 1; see also Appellant's Pro Se Post-Sentence Motion, 5/24/17, at 1 and 3. That same day, the trial court granted counsel's petition to withdraw and, in the same order, appointed the public defender's office to represent Appellant. Trial Court Order, 5/26/17, at 1.

Over three months later – on August 28, 2017 – Appellant's counsel filed a "supplemental motion to withdraw guilty plea." Within this motion, Appellant's counsel claimed that the case could not move forward because the trial court did not rule on Appellant's pro se post-sentence motion. Appellant's Supplemental Post-Sentence Motion, 8/28/17, at 1. The trial court then purported to issue an order on August 28, 2017, declaring that Appellant's motion to withdraw his guilty plea was denied. See Trial Court Order, 8/28/17, at 1. Appellant filed a notice of appeal on September 5, 2017.

Appellant raises one claim to this Court:

> Did the trial court abuse [its] discretion when [it] refused to allow [Appellant] to withdraw his guilty plea prior to imposition of sentence?

Appellant's Brief at 3.

"Preliminarily, we address the timeliness of the instant appeal. Since it implicates our jurisdiction, we may raise the issue sua sponte." Commonwealth v. Duffy, 143 A.3d 940, 942 (Pa. Super. 2016) (citations omitted). As this Court has explained:

> Ordinarily, when a post-sentence motion is filed, an appellant has [30] days from the denial of the post-sentence motion within which to file a notice of appeal. However, by the explicit terms of [Pennsylvania Rule of Criminal Procedure]

- 3 -

> 720(A)(2), the provision allowing [] 30 days from the denial of post-[sentence] motions is contingent upon the timely filing of a post-[sentence] motion. In order for the denial of post-sentence motions to become the triggering event, it is necessary that the post-sentence motions be timely filed. Absent a timely filed post-sentence motion, the triggering event remains the date sentence is imposed.

Commonwealth v. Millisock, 873 A.2d 748, 750 (Pa. Super. 2005) (internal quotations, citations, emphasis, and corrections omitted).

In this case, Appellant's pro se post-sentence motion was a legal nullity. See Commonwealth v. Reid, 117 A.3d 777, 781 n.8 (Pa. Super. 2015) (pro se post-sentence motion while represented by counsel is a legal nullity); see also Commonwealth v. Ellis, 626 A.2d 1137, 1139 (Pa. 1993) ("there is no constitutional right to hybrid representation either at trial or on appeal"); Commonwealth v. Pursell, 724 A.2d 293, 302 (Pa. 1999) ("[w]e will not require courts considering PCRA petitions to struggle through the pro se filings of [petitioners] when qualified counsel represent[s] those [petitioners]"); Commonwealth v. Ruiz, 131 A.3d 54, 56 n.4 (Pa. Super. 2015) (the defendant's "pro se motion to modify sentence . . . was a legal nullity . . . [because] he was represented by counsel" at the time); Pa.R.Crim.P. 576 cmt. (Rule 576(A)(4)'s "requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response"). Thus, Appellant did not file an effective post-sentence motion until August 28, 2017, more than three months after his judgment of sentence was pronounced. See

Appellant's Supplemental Post-Sentence Motion, 8/28/17, at 1. As Appellant's post-sentence motion was untimely, Appellant was required to file his notice of appeal within 30 days of the pronouncement of his judgment of sentence. Appellant filed his notice of appeal on September 5, 2017 – almost four months after his judgment of sentence was entered. Appellant's notice of appeal was thus patently untimely and we lack jurisdiction over this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2018