J-A07026-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. VEON | : | |
| | : | |
| Appellant | : | No. 749 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004274-2009

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    FILED MARCH 17, 2020

Appellant, Michael R. Veon, appeals from the November 19, 2018 Judgment of Sentence entered in the Court of Common Pleas of Dauphin County following remand from the Pennsylvania Supreme Court for resentencing.  After careful review, we quash this appeal.

On March 5, 2012, a jury convicted Appellant of one count each of Conflict of Interest and Criminal Conspiracy, and two counts each of Theft by Unlawful Taking, Theft by Deception, Theft by Failure to Make Required Disposition of Funds, and Misapplication of Entrusted Property.[1]  On June 19, 2012, the trial court sentenced Appellant to a term of 12 to 48 months' incarceration, followed by 48 months of intermediate punishment.  The court

_____

[1] 65 Pa.C.S. § 1103(a); and 18 Pa.C.S. §§ 903(a), 3921(a), 3922(a)(1), 3927(a), and 4113(a), respectively.

also sentenced Appellant to pay restitution to the Commonwealth of Pennsylvania.

On November 22, 2016, the Pennsylvania Supreme Court, concluding that the Commonwealth of Pennsylvania cannot be a "victim" under 18 Pa.C.S. § 1106, vacated Appellant's sentence and remanded to the trial court for resentencing.

The trial court held a resentencing hearing on November 19, 2018, following which it reimposed Appellant's original sentence of incarceration and supervision and ordered Appellant to pay $19,000 in restitution. The certified docket contains a docket entry reflecting that, on November 19, 2018, the court ordered, inter alia, "$19,000 to be paid in [restitution.]" Docket Entry, 11/19/18.

The lower court clerk entered a Resentencing Order on the docket one week later, on November 26, 2018. That Order confirmed the court's reimposition of Appellant's June 19, 2012 sentence of incarceration and order that Appellant pay restitution to the Pennsylvania Department of Community and Economic Development ("DCED") "as a condition of probation under 42 Pa.C.S.[] § 9754(c)(8)." Alternatively, the court ordered Appellant to pay restitution under the Pension Forfeiture Act, 43 P.S. § 1314(a).[2]

On December 5, 2018, Appellant filed a Post-Sentence Motion challenging the legality of imposing restitution payable to the DCED, a division

---

[2] The Order also contained a typographical error, which the court corrected by issuing an Amended Resentencing Order on June 3, 2019.

- 2 -

of the Commonwealth of Pennsylvania, and of imposing restitution as a condition of probation. Appellant also challenged the imposition of restitution pursuant to the Pension Forfeiture Act, arguing that the Act does not provide for the assessment of restitution beyond the amount of a public official's crimes.

On April 5, 2019, the court notified Appellant that his Post-Sentence Motion had been denied by operation of law. On May 2, 2019, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1. Whether the [l]ower [c]ourt properly sentenced [Appellant] to pay restitution in any amount because the Commonwealth cannot be a victim under the statutory scheme in this case[?]

2. Whether the [l]ower [c]ourt properly sentenced [Appellant] to pay restitution as a condition of probation when the Commonwealth failed to request restitution as a condition of probation at the time of [Appellant's] sentencing[?]

3. Whether the [l]ower [c]ourt property ordered [Appellant] to pay restitution under the Pension Forfeiture Act since [Appellant] was not an employee of the Commonwealth at the time of his sentencing[?]

Appellant's Brief at 5.

Before we address Appellant's issues, we must consider whether he timely filed the instant appeal. The timeliness of an appeal implicates our jurisdiction, therefore, we may raise the issue sua sponte. Commonwealth v. Dreves, 839 A.2d 1122, 1126 n.4 (Pa. Super. 2003 (en banc); see

Commonwealth v. Millisock, 873 A.2d 748 (Pa. Super. 2005) (sua sponte raising timeliness of an appeal where defendant filed Pa.R.Crim.P. 720(A)(1) post-sentence motion more than 10 days after imposition of sentence and did not toll appeal period).

The trial court docket reflects that the court resentenced Appellant at his resentencing hearing on November 19, 2018.[3] See Commonwealth v. Duffy, 143 A.3d 940, 943-44 (Pa. Super. 2016) (explaining that the court imposes a defendant's sentence on the day it is pronounced, not on the day the court enters its sentencing order); Commonwealth v. Green, 862 A.2d 613, 615-18 (Pa. Super. 2004) (en banc) (construing the time period set forth in Rule 720(A)(1) for filing a post-trial motion as running from the date sentence is imposed and not the date the clerk of court dockets its sentencing order). Thus, the period in which Appellant could file a timely post-sentence motion began to run on November 19, 2018. Id.

Appellant filed his Post-Sentence Motion on December 5, 2018, more than 10 days after his resentencing. Accordingly, Appellant's Post-Sentence Motion was untimely.

Pa.R.Crim.P. 720 provides, in relevant part, that "if the defendant does not file a post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence." Pa.R.Crim.P 720(A)(3). Because the filing of an untimely post-sentence motion does not toll the running of the

---

[3] Appellant did not provide this Court with the Notes of Testimony from his November 19, 2018 resentencing hearing.

appeal period, the instant appeal, filed more than five months after imposition of sentence, was, likewise, untimely. We, thus, lack jurisdiction to entertain it. See Duffy, supra at 944; Green, supra at 618. We are, therefore, constrained to quash Appellant's appeal.

Appeal quashed.

Judge Olson joins the memorandum. Judge McLaughlin did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2020