J-S36042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| QIANTA SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE FRANCIS | : | |
| | : | |
| Appellant | : | No. 11 EDA 2023 |

Appeal from the Order Entered December 20, 2022
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2021-81844

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                         **FILED JANUARY 8, 2024**

Appellant, George Francis, appeals from the order entered in the Delaware County Court of Common Pleas, under the Protection from Abuse ("PFA") Act,[1] in favor of Appellee, Qianta Smith.  We quash the appeal.

The PFA court set forth the relevant facts of this appeal as follows:

> [Appellee] testified that after she had broken off their intimate relationship, she asked [Appellant] on numerous occasions to leave her alone to which [Appellant] responded, "I will never stop following you" and "I will never leave you alone."  [Appellant] stated to [Appellee] that the only way their relationship would end would be by a "murder-suicide."  [Appellee] testified that on the evening that led to her filing a request for a temporary PFA, [Appellant] called her and insinuated that he was watching her by stating he knew what room she was in …, and that he knew she was going out that evening.  [Appellee] stated that she … went out that night to a private, members-only club in Philadelphia to meet with friends but she did not tell

---

[1] 23 Pa.C.S.A. §§ 6101-6122.

> [Appellant] that she was going out or where she was going. [Appellee] testified that upon arrival at the club, she was alarmed when she saw [Appellant] standing behind her and that she became increasingly concerned after [Appellant] proceeded to follow her around the club, despite her continued requests that he leave her alone. [Appellant] then told her that he would see her later at her house. [Appellee] thought little of that until a mutual friend told her that [Appellant] had broken into her house. [Appellee] went back to her home and found it destroyed. [Appellant] had shattered glass tables and televisions, smashed holes in her shower and sink, broke pipes causing excessive water to leak from her ceiling … and cut the electrical wires. [Appellant] found her new puppy in the basement of the home soaking wet and covered in glass. [Appellee] immediately contacted the police. [Appellee] testified that she is terrified of [Appellant] and felt that she had to move out of her home to get away from him.

(PFA Court Opinion, filed 2/17/23, at 2-3) (unnumbered).

On November 9, 2021, Appellee filed a PFA petition against Appellant. Based upon the allegations in the petition, the court issued a temporary PFA order and scheduled a hearing on the matter. Thereafter, the court granted multiple continuances. While the matter was continued, Appellant violated the temporary PFA order on three occasions. The Commonwealth filed criminal complaints charging Appellant with indirect criminal contempt ("ICC") for each violation. (*See* Criminal Complaint at MD-53-21, filed 11/23/21; Criminal Complaint at MD-54-21, filed 11/23/21; Criminal Complaint at MD-12-22, filed 2/26/22).[2]

_____

[2] We observe that the Commonwealth filed two of the criminal complaints on the same day because Appellant violated the temporary PFA twice within a
*(Footnote Continued Next Page)*

The court ultimately conducted the PFA hearing on October 14, 2022, and neither Appellant nor counsel appeared. After receiving testimony from Appellee, the court issued a final PFA order that remains in effect until October 14, 2025. The court also continued a separate hearing on the ICC charges. On November 18, 2022, Appellant appeared with counsel for the hearing on the ICC charges. At that time, Appellant entered negotiated guilty pleas at each of the underlying docket numbers, and the court imposed an aggregate sentence of eighteen months of probation. Appellant filed a *pro se* notice of appeal on December 20, 2022.[3] The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

As a prefatory matter, "Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa.Super. 2014). "This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal." **Id.** This Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). "[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is

_____

matter of hours. (**See** Affidavit of Probable Cause at MD-54-21, filed 11/23/21).

[3] The *pro se* notice of appeal referenced one Court of Common Pleas docket number, which corresponded to the PFA matter. The *pro se* notice of appeal did not include any of the docket numbers corresponding to the ICC cases.

- 3 -

taken." Pa.R.A.P. 903(a).

Instantly, Appellant's *pro se* notice of appeal purports to appeal from "the order" entered on December 20, 2022. Nevertheless, there is no order on the Court of Common Pleas docket for that date. In examining Appellant's brief on appeal, the thrust of his argument is that Appellee "said on the stand that I have never abused her or threatened her in the 20 years that I have known her, but somehow I had a PFA case against me." (Appellant's Brief at 4) (unnumbered). Thus, it appears that Appellant is attempting to challenge the final PFA order, which the court entered on October 14, 2022.

Regarding Appellant's challenge to the final PFA order, the PFA court correctly observed that Appellant should have filed the *pro se* notice of appeal within thirty days of October 14, 2022:

> [O]n October 14, 2022, neither counsel nor [Appellant] were present. The court, *sua sponte*, deferred the ICC cases until November 18, 2022. However, [Appellee's] counsel along with [Appellee] appeared and reminded the court that [Appellant] received notice of the final PFA hearing date and that [Appellee] was prepared to proceed on the PFA. The Judge determined that service had been made, and despite [Appellant's] absence, the PFA case was called. Evidence presented revealed to the court that [Appellee] had been subjected to [Appellant's] actions, which justified the issuance of a final PFA order. The Order and a [Pa.R.C.P.] 236 Notice were mailed to [Appellant's] last known [address] later that day. [Appellant's last known address that was employed by the court for sending notices is identical to the address listed on Appellant's *pro se* notice of appeal.] Additionally, the record demonstrates that the final PFA order was also served personally upon [Appellant] in open court on November 18, 2022, at the next scheduled ICC proceeding.

(PFA Court Opinion at 2) (unnumbered). We accept the court's analysis. Following the entry of the final PFA order, the appeal period began to run from October 14, 2022. *See* Pa.R.A.P. 903(a). Therefore, Appellant filed an untimely *pro se* notice of appeal on December 20, 2022, more than thirty days after the final PFA order that he now seeks to challenge.[4] *Id.*

Moreover, we recognize that appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. "[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal … may be quashed or dismissed." *Id.*

Regarding the statement of questions involved section of an appellate brief, Rule 2116(a) states:

> **Rule 2116. Statement of Questions Involved**
>
> **(a)    General rule.**—The statement of the questions involved must state concisely the issues to be resolved,

---

[4] Even if we construed Appellant's *pro se* notice of appeal as an attempt to challenge the sentences imposed for the ICC convictions, we would still be constrained to quash the appeal. The court imposed the ICC sentences on November 18, 2022. The certified record on appeal does not reveal that Appellant filed any post-sentence motions. Thus, Appellant needed to file a notice of appeal on or before Monday, December 19, 2022 to challenge the ICC sentences. *See Commonwealth v. Duffy*, 143 A.3d 940, 944 (Pa.Super. 2016) (explaining that thirty-day appeal period commences when sentence is imposed at hearing, rather than when sentencing order is docketed); *Commonwealth v. Walsh*, 36 A.3d 613, 617 n.4 (Pa.Super. 2012) (stating judgment of sentence constitutes final order in criminal case); Pa.R.Crim.P. 720(A)(3) (stating defendant's notice of appeal shall be filed within 30 days of imposition of sentence if defendant does not file timely post-sentence motion).

expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.** Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116(a) (emphasis added).

Regarding the argument section of an appellate brief, Rule 2119(a) states:

**Rule 2119. Argument**

**(a)** **General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Where an appellant fails to properly raise or develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain

or even tenuously assert why trial court abused its discretion or made error of law). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention).

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Wilkins v. Marsico***, 903 A.2d 1281, 1284-85 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007). Further, "it is the responsibility of the [a]ppellant to supply this Court with a **complete** record for purposes of review." ***Smith v. Smith***, 637 A.2d 622, 623 (Pa.Super. 1993), *appeal denied*, 539 Pa. 680, 652 A.2d 1325 (1994) (emphasis in original). "[A] failure by an [a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) sought to be examined." ***Id.*** at 623-24.

Here, the defects in Appellant's brief are substantial. Appellant's brief is not divided into appropriate sections, and Appellant did not include a statement of questions presented to identify the specific issues he wishes to

raise on appeal. *See* Pa.R.A.P. 2116(a). Further, Appellant fails to cite to any relevant authority to support his contention that the court erred by entering the final PFA order. *See Lackner, supra*; *Butler, supra*. Rather, Appellant simply provides his own, self-serving rendition of the underlying facts and procedural history with no corresponding conclusions of law. Even if Appellant's brief provided an argument, the certified record does not include the relevant transcripts for the PFA or ICC hearings. Without the relevant notes of testimony, we are unable to conduct any meaningful appellate review.[5] *See Smith, supra*.

Based upon the foregoing, we quash the appeal as untimely filed. We also admonish Appellant for the defects in his brief, as well as his inability to provide this Court with a complete record to review.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/8/2024

---

[5] Appellant included portions of transcripts as an attachment to his brief, but these transcripts appear to be from separate criminal matters arising from Appellant's destruction of Appellee's property.