J-S18025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAKOUR ADREESE BROWN | : | |
| | : | |
| Appellant | : | No. 1485 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 4, 2023
In the Court of Common Pleas of Forest County Criminal Division at
No(s): CP-27-CR-0000038-2023

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: September 17, 2024**

Shakour Adreese Brown appeals from the judgment of sentence entered following his guilty plea to simple assault and harassment. Brown argues the court erred in denying his post-sentence motion to withdraw his guilty plea. We vacate the order denying Brown's motion, as we find the court was without jurisdiction, and affirm the judgment of sentence.

Brown pleaded guilty on August 4, 2023, to the above crimes.[1] In exchange, the Commonwealth entered a *nolle prosequi* for several other charges, including multiple counts of aggravated assault. That same day, the court sentenced Brown to 12 to 24 months' incarceration. The court advised Brown he had 10 days to file any post sentence motions, including a challenge

---

[1] According to the affidavit of probable cause, the charges arose after Brown punched two corrections officers in the face. Affidavit of Probable Cause, 3/29/23, at 1.

to the validity of his guilty plea, and 30 days in which to file a notice of appeal. N.T., 8/4/23, at 4-5.

Eleven days after his sentencing, on Tuesday, August 15, 2023,[2] Brown filed a *pro se* motion to withdraw his guilty plea. He claimed he entered his guilty plea "in distress," and that he was undergoing a psychological evaluation. Motion to Withdraw Guilty Plea, 8/17/23, at 1.

Within 30 days of Brown's sentencing hearing, on September 1, 2023, the court scheduled a hearing on the motion for September 22, 2023. The order scheduling the hearing did not expressly state that it was granting Brown the right to proceed *pro se* or to file a post-sentence motion *nunc pro tunc*.

At the hearing, trial counsel argued that the court should dismiss the motion as a nullity, as it had been filed *pro se* by a represented litigant, and because it was frivolous based on Brown's admission during the guilty plea colloquy that he was not suffering from any mental illness. N.T., 9/22/23, at 3.

The court denied the motion on the merits, finding that Brown had failed to put forth a fair and just reason to withdraw his plea. ***Id.*** at 5. The court noted that Brown had assured the court when pleading guilty that he

---

[2] The envelope containing the motion, which Brown sent from prison, was postmarked August 15, 2023. The motion was docketed by the court two days later, on August 17. ***See*** Pa.R.A.P. 121(f).

understood the proceedings. *Id.* at 5-6.[3] The court then advised Brown that he had "30 days from today's date to appeal the [c]ourt's original sentence to the Superior Court of Pennsylvania, and then you also have the right if you're claiming ineffective assistance of counsel to do that." *Id.* at 6. The court also entered a written order on September 25, 2023, denying the motion.

Also on September 25, 2023, trial counsel filed a motion to withdraw as counsel. The motion stated that Brown wanted to pursue a claim of ineffective assistance of counsel in connection with his entry of a guilty plea, and repeated the court's statement at the hearing that Brown had 30 days from September 22, 2023, to file a notice of appeal.

Over a month later, on November 3, 2023, the court entered an order appointing new counsel ("appellate counsel") to represent Brown.[4]

The following month, on December 12, 2023, appellate counsel filed a motion to extend the deadline to file an appeal. Appellate counsel asserted that the appeal period had expired before she had been notified of her appointment. That same day, the court granted the motion. The order stated

---

[3] In its Rule 1925(a) opinion, the court states that at the hearing, it also "recognized . . . the legal nullity of the proceeding given representation existed for [Brown.]" Trial Court Opinion, 1/17/24, at 2. However, the transcript of the hearing shows that while the court acknowledged counsel's argument regarding the nullity of the motion, it decided the motion on the merits.

[4] The order is dated September 26, 2023. However, the order was not filed on the docket until November 3, 2023. The reverse side of the order and the corresponding entry on the trial court docket state that notice of the order was sent to appellate counsel on November 3. *See* Pa.R.A.P. 108(a)(1).

the notice of appeal "is to be filed immediately." Order, 12/12/23, at 1. Brown filed a notice of appeal six days later, on December 18, 2023.[5]

Before we address the merits of the appeal, we must address its timeliness, as this affects our jurisdiction. **Commonwealth v. Duffy**, 143 A.3d 940, 942 (Pa.Super. 2016). We may raise this issue *sua sponte*. **Id.**

We first observe that Brown filed the motion to withdraw his guilty plea *pro se* while still represented by counsel. This rendered the motion a legal nullity. **See Commonwealth v. Williams**, 241 A.3d 353, 355 (Pa.Super. 2020). While a represented defendant must often act *pro se* to raise claims of ineffective assistance of trial counsel, Brown's motion did not explicitly raise trial counsel's effectiveness. Nor did Brown ask to proceed *pro se* or with new counsel. Accordingly, the trial court did not grant him these permissions.

Next, even if it were not a nullity as a *pro se* filing, this motion was untimely as a post-sentence motion, as Brown did not file it within 10 days of his sentencing. Therefore, the filing of the motion did not extend the deadline for filing a notice of appeal. **See Commonwealth v. Ballance**, 203 A.3d 1027, 1032 (Pa.Super. 2019); Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence . . . ."); (B)(1)(a)(i)

---

[5] The notice of appeal purports to appeal from the order of December 12, 2023. However, the court reinstated Brown's right to appeal from his judgment of sentence, which was imposed on August 4, 2023. We have amended the caption to reflect that the instant appeal lies from the judgment of sentence.

(providing defendant has the right to file a post-sentence motion challenging the validity of a guilty plea).

We note that a court may, in its discretion, grant a defendant the right to file post-sentence motions *nunc pro tunc*. **See Commonwealth v. Batty**, 169 A.3d 70, 72 n.4 (Pa.Super. 2017). Here, however, Brown's motion did not request the court allow him to file it *nunc pro tunc*. Accordingly, the trial court did not expressly grant Brown the right to file his motion *nunc pro tunc*.

As the untimely *pro se* motion was impotent to extend the appeal period, that period expired 30 days after the court imposed sentence, on September 4, 2023. **See Ballance**, 203 A.3d at 1032. The court lacked jurisdiction after that date. **Commonwealth v. Walters**, 814 A.2d 253, 256 (Pa.Super. 2002). We therefore vacate the order denying Brown's untimely *pro se* motion to withdraw his guilty plea.

However, we reach a different conclusion regarding the court's jurisdiction to reinstate Brown's direct appeal rights. A defendant has a right to appeal from his judgment of sentence, regardless of the merits of the appeal. **Commonwealth v. Bronaugh**, 670 A.2d 147, 149 (Pa.Super. 1995). A trial court has jurisdiction under the Post Conviction Relief Act ("PCRA") to reinstate a defendant's appeal rights if the defendant files a timely petition and establishes (1) that his trial counsel failed to consult with him about an appeal when he demonstrated a desire to appeal, and (2) he would have appealed after consulting with counsel. **See Commonwealth v. Parrish**, 273 A.3d 989, 1005-06 (Pa. 2022).

Here, although not styled as a PCRA petition, appellate counsel filed a petition requesting that Brown's direct appeal rights be reinstated because trial counsel had failed to file a timely notice of appeal. Although appellate counsel was incorrect about exactly when the appeal period had expired, appellate counsel filed this petition within one year of Brown's judgment of sentence, making it timely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b).

It is evident from the record that trial counsel failed to fulfill his duty to consult with Brown regarding his right to an appeal. The transcript of the hearing shows that trial counsel did not consult with Brown about filing an appeal within the appeal period, despite Brown's attempt to raise the issue during that period, because he believed the issue was frivolous and because he believed the appeal period had not expired.[6] It is also evident that had counsel advised Brown that the appeal period would expire, Brown would have requested an appeal, as appellate counsel has filed such an appeal at Brown's behest.[7] We therefore conclude the court had jurisdiction under the PCRA and

---

[6] We recognize that the trial court, in having scheduled a hearing on the motion without expressly granting Brown the right to act *pro se* or file a post-sentence motion *nunc pro tunc*, may have misled both trial counsel and Brown regarding the expiration of the appeal period. However, the court duly notified Brown of the applicable appeal period at the sentencing hearing, and the order scheduling a hearing on the untimely *pro se* motion did not state that it was extending the appeal period.

[7] We further note that while the Commonwealth argues Brown's motion was a nullity and untimely, the Commonwealth does not argue the court did not have jurisdiction to reinstate Brown's direct appeal rights.

properly reinstated Brown's direct appeal rights. We now turn to the merits of the appeal.

Brown raises one issue:

Whether the trial court erred in denying [Brown's] Motion to Withdraw Guilty Plea as [Brown] requested a psychological evaluation be done in order for the [c]ourt to take into consideration whether he was mentally able to form the requisite *mens rea* at the time he was charged with the crimes, listed on the Information in this matter, as he believed his food at the State Correctional Institution was being poisoned by the prison staff and that said poisoning made him highly erratic and unable to knowingly and intelligently form the *mens rea* necessary to have committed the crimes?

Brown's Br. at 2.

Brown argues that his guilty plea was invalid and that his trial counsel was ineffective for failing to move to withdraw his guilty plea and for a psychological evaluation. He argues that at the plea hearing, (1) trial counsel announced that Brown did not "[trust] his legal advice," (2) Brown equivocated on whether he wanted to plead guilty, (3) Brown raised that he wanted a "psych evaluation," (3) counsel stated to the court that he believed such a motion would be frivolous, as would a defense of not guilty but mentally ill, and (4) the court asked him if he was being treated for mental illness, not whether he suffered from any mental illness. *Id.* at 6, 9-10 (quoting N.T., 8/4/23, at 9, 15-16, 21-22, 25). Brown argues that trial counsel should have respected his request and engaged a professional psychologist to determine whether Brown was mentally stable at the time of the alleged crimes. He alleges, "Had counsel filed a request with the Court to have a psychological

- 7 -

evaluation done on his client, there is a strong likelihood the Court would have granted one since he was claiming his food was being poisoned and the effect such poisoning could possibly have on an individual." *Id.* at 12.

This issue is waived because it was not timely presented to the trial court. As stated above, Brown's motion to withdraw his plea was made *pro se* at a time when he was represented by counsel and was untimely as a post-sentence motion. **See Commonwealth v. Moore**, 307 A.3d 95, 100 (Pa.Super. 2023) (finding defendant waived issue when he filed motion to withdraw guilty plea after the court decided post-sentence motions).[8] He also did not frame it as a claim of ineffectiveness, as he does now. **See** Pa.R.A.P. 302(a).

Even if had been preserved in the trial court, as an ineffectiveness claim, the issue is premature. Except in the following circumstances, claims of ineffectiveness of counsel are deferred to PCRA review:

> (i) in extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; (ii) where the defendant asserts multiple ineffective assistance claims, shows good cause for direct review of those claims, and expressly waives his entitlement to PCRA review before the trial court; and (iii) where the defendant is statutorily precluded from obtaining subsequent PCRA review.

---

[8] While the court held a hearing on the motion, the court was without jurisdiction at that time. Moreover, Brown was purportedly still represented by trial counsel at the hearing on the motion, even though trial counsel cannot argue his own ineffectiveness. **Commonwealth v. Bradley**, 261 A.3d 381, 398 (Pa. 2021).

***Commonwealth v. Stefanowicz***, 315 A.3d 162, 172 (Pa.Super. 2024) (internal quotation marks and citation omitted). None of these apply here.

As Brown has failed to argue any preserved issue warranting relief, we affirm the judgment of sentence.

Order denying Brown's motion to withdraw his guilty plea vacated. Judgment of sentence affirmed.

President Judge Emeritus Panella joins the memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/17/2024