J-S14005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
     :         PENNSYLVANIA
     :
        v.      :
     :
     :
WILLIAM NICKERSON    :
     :
       Appellant    :    No. 1929 EDA 2018

Appeal from the Judgment of Sentence Entered August 2, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006524-2016,
CP-23-CR-0006525-2016, CP-23-CR-0007879-2014

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.:          **FILED APRIL 09, 2019**

William Nickerson files this untimely appeal, *pro se*, from the judgment of sentence entered in the Court of Common Pleas of Delaware County. After our review, we remand with instructions.

On February 9, 2015, Nickerson entered a guilty plea, at docket CP-23-CR-0007879-2014, to two counts of terroristic threats[1] and one count each of indecent exposure[2] and harassment.[3] The court sentenced Nickerson to time-served to 23 months' imprisonment for the indecent exposure conviction, followed by five years' probation for terroristic threats counts. The court dismissed the harassment charges. These charges stemmed from improper

---

[1] 18 Pa.C.S.A. § 2706(a)(1).

[2] 18 Pa.C.S.A. § 3127(a).

[3] 18 Pa.C.S.A. § 2709(a)(4).

---

\*   Retired Senior Judge assigned to the Superior Court.

advances Nickerson made to nursing assistants who were attending to his elderly mother.

On November 22, 2016, Nickerson entered a guilty plea, at docket CP-23-CR-0006525-2016, to terroristic threats that arose out of threats made on July 29, 2016. The court dismissed the harassment charges and sentenced Nickerson to two years' probation. N.T. Hearing, 11/22/16, at 44. Nickerson also entered a third guilty plea to an additional charge of terroristic threats, docketed at CP-23-CR-0006524-2016, that arose out of threats made on August 5, 2016. Ethnic intimidation and harassment charges were dismissed, and the court sentenced Nickerson to a consecutive term of two years' probation. *Id.*

The 2016 charges stemmed from Nickerson's threats to Daniel Siegal, Esquire, and Andy Lewis, both Haverford Township commissioners; Nickerson called Siegal and threatened to kill Siegal and everyone in Siegal's office,[4] and he threatened to kill Lewis. Nickerson also terrorized James P. McCans, Haverford Township Director of Emergency Services. In July 2016, Nickerson made a telephone call in which he proclaimed that he had raped and murdered McCans' wife and daughter. The trial court noted that Nickerson's "campaign of terror" began in 2009, and continued even after his November 22, 2016 sentencing. Nickerson, on the other hand, characterizes his threats as

---

[4] At sentencing, Siegal testified that Nickerson called him and said, "I am outside your office[,] I have a machine gun[,] I am coming in and I am going to kill you and everyone in your office." N.T. Sentencing, 8/2/17, at 30.

"inappropriate comments [made] under the influence of alcohol," and "spontaneous outbursts caused by anger fueled by alcohol." Appellant's Brief, at 7, 8.

The 2016 guilty pleas violated Nickerson's probation at CP-23-CR-0007879-2014. Following the pleas, the court immediately held a *Gagnon II*[5] hearing. Thereafter, the court sentenced Nickerson to full back time of 498 days with immediate parole for his indecent exposure conviction, and three years' probation for terroristic threats, which was consecutive to the probationary terms for the 2016 cases.[6] N.T. Hearing, 11/22/16, at 57.

In April 2017, Nickerson was accused of multiple technical violations of his probation: sending harassing letters to former victims, failing to report to his probation officer, consuming alcohol, cutting off his ankle bracelet, and refusing to take his antipsychotic medication. Following a second *Gagnon II* hearing on August 2, 2017, at which Nickerson stipulated to his violations, the

_____

[5] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[6] Because Nickerson was diagnosed with delusional disorder and had other mental health needs, his cases were handled by the Delaware County Court of Common Pleas Mental Health Court. In order to participate in the Mental Health Court Program, the defendant must have a serious mental illness (SMI) diagnosis (schizophrenia, major mood disorder, psychoses NOS, borderline personality disorder) that contributed to the criminal behavior. Persons with co-occurring disorders (mental health and substance use disorder) are evaluated for Mental Health Court Program if they meet the criteria for serious mental illness. Certain crimes are excluded from the program, such as felony sex offenses, felony crimes of violence, and felony drug offenses. https://www.delcoda.com/information/treatment-courts/mental-health-treatment-court (visited 3/11/19).

court sentenced Nickerson to an aggregate term of imprisonment of ten to twenty years. Judgment of sentence was entered on the docket on August 8, 2017. A motion for reconsideration of sentence was filed on August 9, 2017, and on August 16, 2017, the court denied reconsideration. **See Commonwealth v. Duffy**, 143 A.3d 940 (Pa. Super. 2016) (imposition date of judgment of sentence is date it is pronounced in open court, not date it is docketed); **see also Commonwealth v. Green**, 862 A.2d 613 (Pa. Super. 2004).

Following a *pro se* direct appeal filed on August 9, 2017, and counsel's motion to discontinue that appeal, this Court entered an order remanding to the trial court for a determination as to whether counsel, Tracie M. Burns, Esquire, had abandoned Nickerson, and to "take further action as required to protect [Nickerson's] right to appeal[.]" Order, 12/20/17, 2638 EDA 2017. The order stated that "upon consideration of counsel's application for discontinuance of the appeal, and the *pro se* correspondence requesting the appeal proceed, the application for discontinuance is denied." **Id.** [7]

_____

[7] This Court's order reads in full, as follows:

> Upon review of the Court of Common Pleas of Delaware County dockets, it appears Appellant is still represented by counsel. There is no indication on the Court of Common Pleas of Delaware County dockets that privately retained counsel, Tracie Marie Burns, Esquire, was granted leave to withdraw from the case pursuant to Pa.R.Crim.P. 120(A)(4). There is no indication on the Court of Common Pleas of Delaware County dockets that the Delaware County Office of Judicial Support complied with Pa.R.Crim.P.

- 4 -

In accordance with this Court's order, the trial court conducted a hearing on January 31, 2018. Both Nickerson and Tracie M. Burns, Esquire, testified. Thereafter, the trial court made the following findings of fact:

1. Defendant Nickerson has expressed a desire to withdraw his pending appeal before the Superior Court and, instead, permit this court to rule on a pending motion for reconsideration of sentence

---

576(A)(4), by notifying counsel that Appellant had filed a *pro se* notice of appeal. On three occasions, September 5, 2017, October 5, 2017, and November 27, 2017, Attorney Burns failed to file a timely Criminal Docketing Statement. Attorney Burns also failed to respond to this Court's Order to show cause issued on November 15, 2017.

There appearing no docket entries in the trial court showing that counsel was permitted to withdraw and that the Office of Judicial Support notified counsel of the *pro se* filing, this matter is REMANDED for 30 days for a determination as to whether counsel has abandoned Appellant and **to take further action as required to protect Appellant's right to appeal**, **including, but not limited to, determining Appellant's eligibility for court appointed counsel.** If Appellant is found to be eligible for court-appointed counsel, then the trial court shall appoint counsel for Appellant. The trial court shall transmit to this Court within the thirty-day period a written notice of all findings and any actions taken thereon.

Upon consideration of the application for discontinuance filed by Tracie Marie Burns, Esquire, and the *pro se* correspondence requesting the appeal proceed, the application for discontinuance is DENIED. The Prothonotary of this Court is directed to provide copies of this Order to the Honorable Michael F.X. Coll, trial court, Tracie Marie Burns, Esquire, Appellant, and the Commonwealth.

Jurisdiction is retained.

Order, 2638 EDA 2017, 12/20/17 (emphasis added).

[*nunc pro tunc*, filed December 15, 2017]. This court agrees that this request is reasonable under the circumstances.

2. Defendant Nickerson has expressed a desire that Tracie M. Burns, Esq. represent him in the motion for reconsideration of sentence.

3. Tracie M. Burns, Esq.[,] has agreed to represent defendant in the motion for reconsideration of sentence.

Findings of Fact, 2/14/18.

On February 12, 2018, Nickerson, through counsel, filed a praecipe to withdraw and discontinue his *pro se* appeal, which this Court granted on February 13, 2018. That order was docketed on February 14, 2018.

On March 28, 2018, the trial court held a hearing on Nickerson's *nunc pro tunc* motion for reconsideration of sentence. On April 12, 2018, Attorney Burns filed a motion to withdraw as counsel, which the trial court granted. *See* Order, 4/18/18. On May 14, 2018, the court denied Nickerson's *nunc pro tunc* motion for reconsideration of sentence. That order also informed Nickerson that he had "a right to file an appeal from this Order by filing a Notice of Appeal to the Superior Court within thirty (30) days of the date this Order is docketed by the Office of Judicial Support." *See* Order, 5/14/18.[8]

_____

[8] On March 29, 2018, Nickerson filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA). Thereafter, on June 2, 2018, Nickerson filed a request to withdraw that petition. There is no indication in the docket that that petition was withdrawn; however, at the time Nickerson filed this petition, he was represented by counsel. His *pro se* petition, therefore, was an improper hybrid filing and a nullity. See ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (*pro se* filing by represented defendant constitutes "legal nullity"); ***see also Commonwealth***

- 6 -

On June 7, 2018, Nickerson filed a *pro se* notice of appeal from the May 14, 2018 order denying reconsideration of the August 2, 2017 sentence. Both Nickerson and the trial court complied with Pa.R.A.P. 1925(b). On appeal, Nickerson challenges the legality and excessiveness of his sentence, the effectiveness of trial counsel and the impartiality of the trial judge. We directed Nickerson to show cause for why his appeal should not be quashed as untimely filed on June 28, 2018 from the August 2, 2017 judgment of sentence. Nickerson complied, filing a *pro se* response.

Preliminarily, we consider whether we have jurisdiction in this matter. A timely appeal vests this Court with jurisdiction. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (en banc).

Of note, although counsel filed a motion for reconsideration of the August 2, 2017, which was denied on August 16, 2017, the trial court, counsel and the Commonwealth overlooked the authority of **Commonwealth v. Coleman**, 721 A.2d 798 (Pa. Super. 1998). In **Coleman**, this Court held that the filing of a motion to modify sentence, following a revocation of probation, does not extend the appeal period. Unlike a direct sentence, where filing of a post-sentence motion tolls the appeal period, Pa.R.Crim.P. 720(A)(2), in the context of a revocation sentence, the filing of a post-sentence motion for modification does not toll the appeal period. Pennsylvania Rule of Criminal

_____

**v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal.").

Procedure 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the imposition. The filing of a motion to modify sentence will **not** toll the 30-day appeal period." Pa.R.Crim.P. 708(E) (emphasis added). Thus, a defendant seeking to appeal a sentence following revocation must do so within the 30-day time period prescribed by Pa.R.A.P. 903(a)). **See** Pa.R.Crim.P. 708(E). **See also Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) ("An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether or not she files a post-sentence motion"). **Accord Commonwealth v. Duffy**, 143 A.3d 940 (Pa. Super 2016) (noting that whether or not motion to modify sentence is filed, notice of appeal from revocation proceeding must be filed within thirty days of the imposition of the sentence).

Our remand order required protection of Nickerson's appellate rights and a determination of whether he was eligible for court-appointed appellate counsel.[9] We are unable to conclude that either directive occurred. Nickerson's *pro se* appeal was discontinued by counsel after the March 28,

_____

[9] As the Commonwealth points out, Nickerson requested counsel file a notice of appeal at the conclusion of his August 2, 2017 **Gagnon II** hearing, **see** N.T. 8/2/17, **supra** at 79, but no counseled appeal was filed. The trial court ordered counsel to file a docketing statement; counsel did not comply with that order, or with several others; on three occasions, September 5, 2017, October 5, 2017, and November 27, 2017, Attorney Burns failed to file a timely Criminal Docketing Statement. Attorney Burns also failed to respond to this Court's Order to show cause issued on November 15, 2017.

2018 hearing, and counsel was granted leave to withdraw after that hearing. There is no indication that the court held a *Grazier* hearing prior to Nickerson's current *pro se* appeal, which was filed on June 7, 2018 from the May 14, 2018 order denying his December 15, 2017 *nunc pro tunc* motion for reconsideration. *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (hearing required to determine if defendant's waiver of right to counsel at appellate stage is knowing, intelligent and voluntary).

Additionally, neither the court nor Attorney Burns advised Nickerson that filing a motion to modify would not toll the appeal period regarding his violation of probation sentences. Following imposition of sentence, counsel informed Nickerson of his appellate rights as follows:

> MS. BURNS: If you wish to file an appeal to the sentence that Judge Coll has imposed upon you today, if it is a motion for reconsideration you have to file an appeal in writing within ten days of today's date. Do you understand that?
>
> MR. NICKERSON: Yes.
>
> MS. BURNS: Or you may take an appeal directly to the Superior Court. However if it is just the sentence that you want to appeal you have to file an appeal in writing within ten days of today's date with Judge Coll, do you understand that?
>
> MR. NICKERSON: **Yes, will you file the appeal for me[?]**
>
> MS. BURNS: We will have to talk. Your Honor the statement of post sentence rights that have been administered to Mr. Nickerson, are they sufficient?
>
> THE COURT: I believe so.

N.T. Sentencing, 8/2/17, at 79-80 (emphasis added). Notably, Nickerson was not informed that he had 30 days to file a direct appeal. He was also not

informed that his motion to modify, if filed within the ten-day period, would not toll the 30-day appeal period. *See* Pa.R.Crim.P. 708(E). In any event, Nickerson did file a *pro se* appeal, but, as discussed above, that appeal was ultimately discontinued.

On March 28, 2018, following the hearing on the *nunc pro tunc* motion for reconsideration of sentence, the court denied the motion and counsel informed Nickerson of his appellate rights as follows:

> MS. BURNS: All right. You understand that you have ten days from today's date to appeal the decision of the Court here today. Do you understand that?
>
> MR. NICKERSON: Yes.
>
> MS. BURNS: And that is if you just want the Judge to reconsider his motion for reconsideration. Do you understand that?
>
> MR. NICKERSON: Yes.
>
> MS. BURNS: Or you may file an appeal directly with the Superior Court. That appeal must be filed within 30 days of today's date. If you cannot afford an attorney to represent you on that appeal as [of] right, if you ask Judge Coll he will appoint an attorney for you. Do you understand that?

N.T. Hearing on Motion for Reconsideration of Sentence *Nunc Pro Tunc*, 3/28/18, at 62-63. Thereafter, what we can discern from the record is that counsel's petition to withdraw was granted on April 18, 2018, and yet there is no indication that Nickerson waived his right to counsel on direct appeal. ***Grazier***, ***supra***.

In sum, since no appeal was filed within thirty days of the imposition of the August 8, 2017 sentence, this Court has no jurisdiction to hear this appeal.

*Duffy*, *supra*. An appellant has thirty days from the date a judgment of sentence was pronounced in open court in which to file an appeal. Pa.R.A.P. 903(a); *Green*, *supra*. Despite our instruction to protect Nickerson's direct appeal rights,[10] we find the various procedural missteps here amounted to a deprivation of those rights. We agree with the Commonwealth that Nickerson was "induced into withdrawing his [timely *pro se*] appeal." Commonwealth's Brief, at 5.

Although we could decline to quash based on a clear breakdown in the court operations[11] and reach Nickerson's *pro se* claims on appeal, we conclude the better course is to remand. Finally, and critically here, because it implicates Nickerson's state constitutional rights, *see* Pa. Const. Art. V, § 9 ("There shall be a right of appeal in all cases to . . . an appellate court"), any decision to quash this appeal would preclude Nickerson from seeking reinstatement of his direct appeal rights *nunc pro tunc*. In ***Commonwealth v. Brown***, 943 A.2d 264 (Pa. 2008), the Pennsylvania Supreme Court ruled that the untimely filing of a direct appeal did not toll the period for seeking PCRA review. Thus, under ***Brown***, Nickerson had one year from thirty days after the entry of his judgment of sentence to file a timely PCRA petition.

_____

[10] We emphasize that following his sentencing at the August 2, 2017 hearing, Nickerson requested counsel to file an appeal. ***See*** N.T. Hearing, 8/2/17, at 79. It was at this point that the breakdown originated.

[11] ***See Parlante***, ***supra*** at 929 (declining to quash appeal where trial court misstated appeal period, which was breakdown in court operations).

Nickerson's August 2, 2017 judgment of sentence became final on September 1, 2017, and therefore he had until September 1, 2018 to file a timely petition. Thus, any petition seeking reinstatement of appellate rights would be outside the PCRA one-year time bar.

Accordingly, we remand this case for reinstatement of Nickerson's appellate rights *nunc pro tunc*, a determination of whether Nickerson waived his right to counsel at the appellate stage and, if necessary, appointment of counsel. ***See Grazier***, ***supra***.

Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/19