**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY WHEELER | : | |
| | : | |
| Appellant | : | No. 1631 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 23, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013751-2012

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 29, 2019**

Leroy Wheeler (Appellant) appeals from the judgment of sentence imposed after the trial court revoked his probation.  Upon review, we affirm.

Appellant's underlying conviction arose from his ongoing sexual abuse of a minor, which occurred over a 10-year period, beginning when the victim was 6 years old.  N.T., 3/5/14, at 4.  On March 5, 2014, Appellant pled guilty to involuntary deviate sexual intercourse with a person under 16 years of age.[1] That same day, the trial court sentenced Appellant to 1 to 2 years of incarceration, followed by 5 years of probation.  Additionally, the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3123(a)(7).

ordered that as a condition of his probation, Appellant undergo sex offender and mental health treatment. *Id.* at 6.

The Commonwealth subsequently alleged that Appellant violated his probation. Appellant appeared for a *Gagnon I*[2] hearing on May 11, 2018, after which the hearing officer found probable cause that Appellant violated the terms of his probation. *See* Gagnon Hearing Officer Recommendation, 5/11/18, at 1. Appellant then appeared before the trial court on October 23, 2018, for a *Gagnon II* hearing. At the conclusion of the hearing, the trial court found Appellant to be in violation of his probation, revoked the probation, and sentenced Appellant to 10 to 20 years of incarceration.

On November 2, 2018, Appellant filed a motion for modification of sentence. While his motion was pending, Appellant, on November 16, 2018, filed a notice of appeal. On January 8, 2019, the trial court granted Appellant's motion for modification to the extent Appellant sought credit for time served, but denied the motion in all other respects. *See* Trial Court Order, 1/8/19, at 1. The record indicates that the trial court did not order Appellant to file a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and thus, Appellant's issues are not waived. *See Commonwealth v. Hooks*, 921 A.2d 1199, 1202 (Pa. Super. 2007).

On appeal, Appellant presents three issues for our review:

1. Is Appellant's appeal properly before this Court, given that he filed his Notice of Appeal within 30 days of the Judgment of

---

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Sentence, as he could not wait for the probation court to rule on his timely Motion to Modify Sentence lest his ability to seek appellate review be forfeited?

2. Was the 10-to-20 year state prison sentence imposed on Appellant at his Probation Violation Hearing forbidden by 42 Pa.C.S. § 9771(c) and in any manifestly excessive *per se* [*sic*] given that (A) Appellant was a Technical Probation Violator, not a Convicted Probation Violator; (B) there was no showing that he was likely to commit a crime while on probation unless he was imprisoned; and (C) there was no showing that an order of imprisonment was essential to vindicate the authority of the probation court?

3. Was the 10-to-20 year state prison [sentence] imposed on Appellant at his Probation Violation Hearing manifestly excessive, even if imprisonment of some sort could be imposed, given that, *inter alia*, (A) he was a Technical Probation Violator rather than a Convicted Probation Violator; (B) he suffered from mental illness so severe that he had been previously committed to both Torrance State Hospital and to the Western Psychiatric Institution; (C) he had endured sexual abuse as a child and a fatherless upbringing; and (D) he had undertaken substantial rehabilitative efforts while confined in advance of his Probation Violation hearing?

Appellant's Brief at 4-5.

In his first issue, Appellant rebuts the trial court's assertion in its statement in lieu of opinion that Appellant's notice of appeal filed November 16, 2018 was premature and should be quashed. **See** Trial Court Statement in Lieu of Opinion, 3/12/19, at *1. The trial court opines that because Appellant filed his notice of appeal prior to its ruling on his motion for reconsideration, "the judgment of sentence was not final by disposition or by operation of law." **Id.** (citing Pa.R.Crim.P. 720).

Citing Pennsylvania Rule of Criminal Procedure 708(E), Appellant argues that his appeal was perfected because the "filing of a motion to modify

sentence will not toll the 30-day appeal period." Appellant's Brief at 41. Appellant states that had he waited until after the trial court ruled on his motion on January 8, 2019, "his appeal would be subject to being quashed as untimely." *Id.* at 42. The Commonwealth agrees that Appellant's notice of appeal was not premature. *See* Commonwealth's Brief at 5-7 ("Because [Appellant's] [n]otice of [a]ppeal had to be filed within 30 days of the revocation of his probation, his motion to modify sentence did not act to toll his time for filing a timely appeal. Consequently, the instant appeal is not premature."). We agree.

Pennsylvania Rule of Criminal Procedure 708(E) mandates that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the imposition." Pa.R.Crim.P. 708(E). "The filing of a motion to modify sentence will not toll the 30-day appeal period." *Id.* Accordingly, an appellant seeking to appeal a sentence following revocation must do so within the 30-day time period prescribed by Pa.R.A.P. 903(a). *See Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) ("An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether or not she files a post-sentence motion.").

Here, Appellant was resentenced on October 23, 2018. Appellant filed his motion for modification of sentence on November 2, 2018. Because Appellant's motion addressed the sentence he received following revocation, and not an original sentence, the filing of his motion did **not** toll the 30-day

appeal period. Pa.R.Crim.P. 708(E). Regardless of whether Appellant's motion was outstanding before the trial court, his notice of appeal filed November 16, 2018 was timely, and we therefore address its merits. *See Commonwealth v. Duffy*, 143 A.3d 940 (Pa. Super. 2016) (noting that regardless if a motion to modify sentence is filed, a notice of appeal from a revocation proceeding must be filed within 30 days of the imposition of sentence).

In his two remaining issues, Appellant challenges the discretionary aspects of his sentence. We address these issues together, recognizing:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (citations omitted). "Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Id.* at 1286-87 (citation omitted).

Further, "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's

- 5 -

jurisdiction when challenging the discretionary aspects of a sentence." *Id.*

We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of this test by raising his sentencing claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 30-34. Therefore, we examine whether Appellant presents a substantial question.

In his 2119(f) statement, Appellant argues that the trial court failed to comply with 42 Pa.C.S.A. § 9771(c) and imposed an excessive sentence. *See* Appellant's Brief at 30-31 ("[T]he Commonwealth[] failed to establish any of the three prerequisites to a probation violation confinement sentence that are set out in 42 Pa.C.S.A. § 9771(c)."). This claim presents a substantial

question. *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (holding that where an appellant "presented a [2119(f)] statement arguing that the [trial] court erred in its application of [S]ection 9771 and his sentence . . . [was] manifestly excessive[,]" we concluded that "both these issues present substantial question for review.").

Appellant also challenges the trial court's imposition of a "manifestly excessive" sentence for failing to consider Appellant's mental health, troubled upbringing, and his efforts to seek rehabilitative treatment. Appellant's Brief at 4-5. This claim also raises a substantial question. *See Dodge*, 77 A.3d at 1272 (holding that an excessive sentence claim, in conjunction with an assertion that the trial court failed to consider mitigating factors, raises a substantial question) (citation omitted).

> Turning to the merits of Appellant's sentencing claims, we note:
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. 9771(c).

*Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (footnote omitted). Further:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact

on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Ahmad**, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa. Super. 2001). A re-sentence may not exceed the statutory limits of the sentence, including allowable deductions for time served. **See id.**

Following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010). Also, "[w]hen a sentencing court has reviewed a pre[-]sentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the

defendant's sentence." ***Baker***, 72 A.3d at 663 (citing ***Commonwealth v.***

***Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006)).

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

***Fowler***, 893 A.2d at 767-68 (citing ***Commonwealth v. Boyer***, 856 A.2d 149,

154 (Pa. Super. 2004)) (citations omitted) (emphasis added).

Here, the record reveals that the trial court did not abuse its discretion

or commit an error in resentencing Appellant. At the outset of Appellant's

hearing, the trial court stated that it "ordered, read[,] and considered"

Appellant's pre-sentence investigation report. N.T., 10/23/18, at 2. In

addition, state probation and parole officer Charles Ackerman testified that

Appellant impermissibly possessed pornography, girl's panties, and children's

DVDs while on probation. ***Id.*** at 3. Mr. Ackerman also testified that Appellant

failed to complete a sex offender program and was discharged for aggressive

behavior. ***Id.*** On Appellant's behalf, Appellant's attorney emphasized to the

trial court Appellant's difficult upbringing, mental health issues, and the fact that Appellant's probation violation was "technical." *Id.* at 7.

Prior to imposing Appellant's sentence, the trial court succinctly explained its reasoning:

> Well, you know, [Appellant], I find it interesting that the treatment that I asked you to complete said -- you said you felt threatened and belittled. I wonder how threatened and belittled your six year old [victim] felt after you abused her for ten years. Do you think she felt threatened or belittled? . . .
>
> Okay. You have been caught with porno. I agree that it's adult pornography. You had a cell phone, you had other prohibited items. I do recognize that you have both health and mental health issues. However, thus far I have put you in JRS, I sent you to Torrance, you were in Mercy Behavioral where you were discharged unsuccessfully. You have already done state time so incarceration hasn't deterred you from future activity. You did not take any advantages of any of the offers of rehabilitation that I offered, whether it was for being homeless, having mental health issues and you are not compliant with probation.

N.T., 10/23/18, at 10-11.

Consistent with the foregoing, the trial court, in compliance with Section 9771, properly resentenced Appellant to confinement based upon its findings that Appellant may be likely to commit another crime, and to vindicate the authority of the trial court. 42 Pa.C.S.A. § 9771; *see also* N.T., 10/23/18, 10-11. Accordingly, "the record as a whole reflects the sentencing court's consideration of the facts of [Appellant's] crime and [Appellant's] character," *Crump*, 995 A.2d at 1283, and Appellant's excessive sentencing claims lack merit.

Judgment of sentence affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/29/2019