J-S02039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PANICK | : | |
| | : | |
| Appellant | : | No. 1238 EDA 2020 |

Appeal from the Judgment of Sentence Entered May 19, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000892-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED JUNE 8, 2021**

Appellant Michael Panick appeals from the judgment of sentence entered on May 19, 2020, imposing a term of six to twenty-four months of incarceration in the Monroe County Prison followed by twenty-four months of county probation.   The sentence was entered following the trial court's revocation of Appellant's probation.  Appellant asserts that the May 19, 2020 sentence (the revocation sentence) was illegal under ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020), which held that pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013), a defendant's acceptance of accelerated rehabilitative disposition (ARD) in a prior DUI case constituted an unproven fact that must be submitted to the jury and found beyond reasonable doubt.  Appellant claims that the trial court erroneously considered his acceptance of ARD in an earlier and separate DUI case as a prior conviction, and it subjected him to the mandatory minimum of ninety days of

incarceration, graded his offense as a first-degree misdemeanor, and established the statutory maximum sentence at five years. Appellant argues that because his ARD was never proven to the jury beyond a reasonable doubt, and in light of **Chichkin**, the ARD should not count as a prior DUI. Therefore, the DUI underlying Appellant's revocation sentence should be deemed a first offense, which would subject Appellant to a statutory maximum sentence of six months of incarceration. After review, we vacate the revocation sentence and remand for resentencing pursuant to **Chichkin**.

The trial court summarized the history of this case as follows:

On May 19, 2017, Appellant was charged by Criminal Information with various counts of Driving Under the Influence and one count of Careless Driving.[fn2] On June 28, 2017, Appellant pleaded guilty to Count I of the Criminal Information, Driving Under the Influence, a second offense. On September 22, 2017, we sentenced Appellant to Intermediate Punishment for a period of one year with a consecutive sentence of four years of probation.

[fn2] 75 Pa. C.S. §§ 3802(c), (d)(2), (d)(3), and § 3714(a), respectively.

On November 21, 2017, the Commonwealth filed a Petition for Violation of Probation. After a hearing wherein Appellant admitted to the violation, the Commonwealth's Petition was granted. We revoked Appellant's probation and sentenced Appellant to a period of incarceration in the Monroe County Correctional Facility of not less than 90 days nor more than 1 year. This sentence was also followed by a consecutive sentence of four years of probation. Appellant was given a time credit of 46 days and was granted parole in February of 2018.

On August 27, 2019, the Commonwealth again filed a Petition for Violation of Probation. After hearing wherein Appellant again admitted to the violation, the Commonwealth's Petition was granted and we revoked Appellant's probation. On October 3, 2019, in lieu of a re-sentencing hearing on the probation violation, Appellant was committed to the Department of Corrections for a

State Intermediate Punishment (SIP) evaluation. In February of 2020, Appellant was deemed ineligible for the SIP program and was returned to Monroe County for re-sentencing. Prior to his re-sentencing, Appellant's counsel, Janet Jackson, Esq., filed a Petition for Continuance and for Full Drug and Alcohol Assessment. Said Petition was granted and re-sentencing was scheduled for May 19, 2020.

On May 19, 2020, Appellant was re-sentenced to a period of incarceration of 6 to 24 months, followed by a consecutive sentence of two years of probation. Appellant was entitled to a time credit of 272 days and had thus served his minimum sentence. Appellant was immediately paroled, subject to special conditions, including behavioral health treatment.

On June 12, 2020, days before Appellant's appeal period expired on his May 19, 2020, re-sentencing, Appellant filed a Petition to Vacate and Resentence pursuant to the Superior Court's decision in ***Commonwealth v. Chichkin***, 232 A.3d 959, 2020 WL 2552803 (Pa. Super. May 20, 2020).[1] In said Petition, Appellant alleges "[t]he sentence imposed on May 19, 2020 is an illegal sentence per the new case law and the maximum penalty for a

_____

[1] Appellant's revocation sentence was imposed on May 19, 2020. Accordingly, Appellant had ten days, or until May 29, 2020, in which to file a timely post-sentence motion to modify his sentence. ***See*** Pa.R.Crim.P. 708(E) (providing that a timely post-sentence motion following the revocation of probation must be filed within ten days from the imposition of sentence but does not toll the appeal period). Appellant's motion was not filed until June 12, 2020. As noted, the trial court opted to hold a hearing on the motion, but it is not clear from the record if the reason for doing so was based on a factor such as the COVID-19-related General Statewide Judicial Emergency or due to the fact that the trial court retained jurisdiction to correct an illegal sentence for thirty days after the imposition of sentence. ***See*** 42 Pa.C.S. § 5505; ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003). Ultimately, because Appellant filed a timely notice of appeal within thirty days from the imposition of sentence pursuant to Pa.R.A.P. 903(a), we need not determine if the motion was timely because no ruling on the motion is implicated. Moreover, because Appellant's issue on appeal concerns the legality of his sentence, the issue is properly before us as Appellant was not required to preserve the issue in a timely post-sentence motion. ***See*** ***Commonwealth v. Milhomme***, 35 A.3d 1219, 1221 (Pa. Super. 2011) (stating that, generally, a challenge to the legality of a sentence cannot be waived).

first offense driving under the influence highest rate, *i.e.* six months incarceration[,] should be substituted for the illegal sentence." Pet. to Vacate and Resentence, 6/12/2020, ¶ 3.

We scheduled a hearing on Appellant's Motion for June 17, 2020. During said hearing, this court indicated we would like to see briefs on Appellant's very specific issue regarding **Chichkin**. **See** N.T., 6/17/20, pp. 13-14. However, Appellant filed a Notice of Appeal on June 18, 2020, prior to this court issuing an order for briefs or rendering a decision on the merits of Appellant's Petition. Thus, we denied Appellant's Petition to Vacate and Resentence as moot.

Trial Ct. Op., 8/5/20, at 1-3 (formatting altered).

On June 22, 2020, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before July 13, 2020. On August 5, 2020, the trial court noted that Appellant had not filed a Rule 1925(b) statement, and the court filed an opinion addressing Appellant's revocation sentence and concluded that **Chichkin** was inapplicable and not retroactive. Trial Ct. Op., 8/5/20, at 1-5. After the notes of testimony were transcribed, Appellant filed a motion to file his Rule 1925(b) statement *nunc pro tunc*. The trial court granted Appellant's motion on August 10, 2020, and Appellant filed his *nunc pro tunc* Rule 1925(b) statement that same day. On August 11, 2020, the trial court filed a supplemental statement pursuant to Pa.R.A.P. 1925(a), which relied upon the trial court's earlier opinion filed on August 5, 2020.

On appeal, Appellant presents the following issue:

This appeal implicates the legality of a sentence imposed after a probation revocation. Should this Court vacate Appellant's sentence and remand for re-sentencing under **Commonwealth v. Chichkin** where (a) Appellant was re-sentenced as a second-time DUI offender based on his prior acceptance of ARD (b) his

- 4 -

sentence was not "final" when **Chichkin** was issued and (c) sentence illegality is a non-waivable issue subject to *sua sponte* review and correction?

Appellant's Brief at 4 (formatting altered).[2]

Our scope and standard of review are as follows:

Following probation violation proceedings, this Court's scope of review is limited to verifying the validity of the proceeding and the legality of the sentence imposed. The defendant or the Commonwealth may appeal as of right the legality of the sentence. As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*. Issues relating to the legality of a sentence are questions of law. As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary.

A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

**Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (citations omitted and formatting altered). Additionally, "upon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Id.** at 365.

Appellant asserts that pursuant to **Chichkin**, his revocation sentence is illegal. Appellant's Brief at 16. When Appellant entered his guilty plea under 75 Pa.C.S. § 3802(c) (highest rate of alcohol) on June 29, 2017, his

---

[2] The Commonwealth did not file a brief.

acceptance of ARD for a previous DUI was considered a prior conviction under 75 Pa.C.S. § 3806(a). Therefore, when Appellant entered his guilty plea, it was deemed a second offense. Specifically, the written guilty plea colloquy reflects that Appellant entered a guilty plea to one count of DUI as a second offense, graded as a first-degree misdemeanor, with a maximum penalty of five years of incarceration, and a mandatory minimum of ninety days. Written Guilty Plea Colloquy, 6/29/17, at 1-4. As noted, on September 22, 2017, the trial court sentenced Appellant to a term of one year of intermediate punishment, with the first ninety days served on electronic home monitoring, and four years of consecutive probation. Sentencing Order, 9/22/17.

As stated above, after the revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally. *Infante*, 63 A.3d at 365. Because the DUI offense underlying the revocation sentence was deemed a second offense and graded as a first-degree misdemeanor when he was originally sentenced, the trial court had the authority to impose a sentence of up to five years of supervision. 18 Pa.C.S. §§ 106(b)(6), 1104(1). On May 19, 2020, the trial court revoked Appellant's probation and resentenced him to a term of six to twenty-four months of incarceration followed by twenty-four months of consecutive probation with credit for time served. Sentencing Order, 5/19/20.

The next day, May 20, 2020, this Court filed its decision in *Chichkin*. In *Chichkin*, we held that 75 Pa.C.S. § 3806(a) was unconstitutional as it defined a prior acceptance of ARD in a DUI case as a prior offense for

sentencing enhancement purposes. *See Chichkin*, 232 A.3d at 971. The *Chichkin* Court held that increasing the mandatory minimum sentence provided in 75 Pa.C.S. § 3804 requires the Commonwealth to prove, beyond a reasonable doubt, that the ARD defendant committed the prior DUI offense pursuant to *Alleyne*. *Id.* Instantly, had Appellant's ARD not been considered a prior offense, the maximum sentence for Appellant's violation of 75 Pa.C.S. § 3802(c) as a first offense would have been a maximum term of six months of incarceration under 75 Pa.C.S. § 3803(b)(2).[3] However, because *Chichkin* was filed the day after the trial court imposed the revocation sentence, we must determine if *Chichkin* applies to the revocation sentence. In its opinion, the trial court concludes that *Chichkin* is "unlikely" to be applied retroactively. Trial Ct. Op., 8/5/20, at 5. The trial court analogizes the application of *Chichkin* to the limited retroactive application of *Alleyne*. *Id.*

In support of applying *Chichkin* retroactively, Appellant argues that although *Alleyne* has not been applied retroactively to cases on collateral review, *Alleyne* has been applied to cases that were pending on direct review when it was filed. Appellant's Brief at 20-21 (citing *Commonwealth v. Barnes*, 151 A.3d 121, 124 n.6 (Pa. 2016), in which our Supreme Court held that *Alleyne* can apply to cases pending on direct appeal, as long as the issue

---

[3] The trial court recognized that "[i]f Appellant was challenging his original sentence, *Chichkin* may very well have applied and Appellant might be entitled to a revised sentence." Trial Ct. Op., 8/5/20, at 4. However, if Appellant wanted to challenge his original sentence, that claim should have been presented in a petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. *See Infante*, 63 A.3d at 365.

is properly preserved or the issue is nonwaivable, and reiterating that *Alleyne* should not be applied retroactively to matters on collateral review). Appellant notes that this matter is before our Court as a direct appeal as opposed to collateral review. Further, Appellant correctly states that *Alleyne* has been applied in instances where the judgment of sentence was not yet final. *Id.* at 22 (citing *Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018)).

In *DiMatteo*, our Supreme Court clarified "[a]lthough [*Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016)] may be read to suggest that it forecloses *Alleyne*-based relief on collateral attack, its true holding is that *Alleyne* does not apply to cases where the judgment of sentence was final prior to *Alleyne*, because if the judgment of sentence was not final, then its application is not truly retroactive." *DiMatteo*, 177 A.3d at 192 (citations omitted). Therefore, the holding of *Alleyne* applies to cases in which the judgment of sentence is not final. *Id.*

Similarly, we conclude that *Chichkin* applies to Appellant's revocation sentence because it was filed before Appellant's judgment of sentence became final, as the trial court retained jurisdiction to amend Appellant's sentence.[4] *See* 42 Pa.C.S. § 5505; *DiMatteo*, 177 A.3d at 192; *see also Commonwealth v. Housman*, 986 A.2d 822, 840 (Pa. 2009) (holding, "the

_____

[4] We reiterate that Appellant's sentence was a sentence following the revocation of probation, and his post-sentence motion did not toll the appeal period. Pa.R.Crim.P. 708(E). Accordingly, Appellant was precluded from awaiting a decision on his post-sentence motion and was compelled to file an appeal before the expiration of the thirty-day appeal period. *See* Pa.R.A.P. 903(a); *Commonwealth v. Duffy*, 143 A.3d 940, 942 n.3 (Pa. Super. 2016).

general rule in Pennsylvania is to apply the law in effect at the time of the appellate decision" (citations omitted)).  Accordingly, Appellant is entitled to the application of *Chichkin*.

Because we conclude that the holding in *Chichkin* applies to the case at bar, Appellant's ARD is not a prior conviction and the underlying DUI must be considered a first offense.  As such, the maximum sentence that the trial court could have imposed after revoking Appellant's probation was six months. Accordingly, we vacate Appellant's May 19, 2020 sentence, and we remand to the trial court to resentence Appellant in light of the holding in *Chichkin*.

Judgment of sentence vacated.  Case and record remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2021