**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH LAMAR RANDLE | : | |
| | : | |
| Appellant | : | No. 153 MDA 2025 |

Appeal from the Order Entered November 1, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001496-2021

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: OCTOBER 24, 2025**

Kenneth Lamar Randle appeals from the order committing him to serve the remainder of his sentence following a parole revocation.[1]  His attorney, Ashley M. Sabol, Esquire, has filed an application to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we deny counsel's petition to withdraw and direct Attorney Sabol to file an advocate's brief.

Appellant pled guilty in 2022 to one count each of driving while operating privileges were suspended and fleeing, as well as multiple summary traffic offenses, and was sentenced to six to eighteen months of incarceration.  Specifically, he had a maximum date of February 12, 2024, and was granted parole in April 2023.  While on parole, he was arrested for defiant trespass

---

[1] As will be discussed at length *infra*, we have amended the caption to reflect the proper order appealed from.

and disorderly conduct.  Following a preliminary hearing on February 7, 2024, the charges were held for court.  Five days later, on the last day of his parole term, the Commonwealth moved to revoke based on the "new pending charges that he failed to inform his parole officers about as well as failing to pay towards his costs and fines."  Trial Court Opinion, 3/10/25, at 2 (some capitalization altered).

The court conducted a hearing later that month.[2]  Appellant was sent notice of the proceeding at his last known address, but the parole office was unable to make contact with him.  Notwithstanding the presence of neither Appellant nor any counsel on his behalf, the court conducted a hearing *in absentia*, wherein it found cause to revoke Appellant's parole based upon the Commonwealth's evidence, ordered its revocation, denied him credit for his time spent at liberty, and issued a bench warrant based on his failure to

_____

[2] We have explained:

> [A] defendant is generally entitled to two separate hearings prior to revoking probation [or parole].  The purpose of the first (***Gagnon I***) hearing is to ensure against detention on allegations of violation that have no foundation of probable cause.  The purpose of the second (***Gagnon II***) hearing is to determine whether facts exist to justify revocation of parole or probation.

***Commonwealth v. Cappellini***, 690 A.2d 1220, 1227 (Pa.Super. 1997) (cleaned up).  It is unclear which type of hearing the trial court conducted, though we presume it was a ***Gagnon II*** hearing because it resulted in revocation and because Appellant was not detained at the time.  Regardless, we ask counsel to clarify in her subsequent advocate's brief what occurred below.

appear. Since Appellant's whereabouts were unknown, the court waited to recommit Appellant until it could ascertain the new maximum date.

Appellant surrendered to authorities in October, at which time he was committed to the Schuylkill County Prison and appointed Attorney Sabol. The court thereafter held two more hearings, which both Appellant and counsel attended. The first was "simply to confirm [Appellant's] new maximum date."[3] N.T. Hearing, 10/30/24, at 3. The court explained that it already had a hearing where it heard the Commonwealth's evidence and revoked his parole, and it was holding the October hearing to calculate his maximum date based upon when he was apprehended. *Id*. at 2. However, it did not set a maximum date at that time. Instead, the court held a hearing two days later to afford Appellant "the opportunity with the assistance of [his] attorney to tell [the court] what's been going on in [his] life." N.T. Hearing, 11/1/24, at 3. After taking the matter under advisement, the court entered an order later that day that determined both new maximum and re-parole eligibility dates, and thus imposed Appellant's revocation sentence.

Appellant timely filed a motion for reconsideration, which the court granted on January 9, 2025, to amend his maximum date. The instant notice

_____

[3] The court explained in its Pa.R.A.P. 1925(a) opinion that it also "resolve[d] the revocation" at that hearing. *See* Trial Court Opinion, 3/10/25, at 2. The certified record contradicts this averment, as it is clear the court made a final revocation decision at the February hearing but deferred calculating Appellant's maximum date until after he was apprehended and the court conducted the subsequent, counselled hearings.

of appeal was filed within thirty days of that order. The trial court and Appellant complied with the requirements of Pa.R.A.P. 1925. As noted, counsel has filed an *Anders* brief in this Court.[4] Appellant did not respond.

Before we review counsel's application to withdraw or the merits of any potential issues, we must first verify the timeliness of the underlying notice of appeal. *See Commonwealth v. Duffy*, 143 A.3d 940, 942 (Pa.Super. 2016) (raising timeliness of appeal *sua sponte* because it implicates our jurisdiction). Appellant purported to appeal from the January 9, 2025 order. However, his appeal properly lies from the final order imposing his revocation sentence, which issued on November 1, 2024. *See Commonwealth v. Baldassano*, 330 A.3d 1255, 1256 n.1 (Pa.Super. 2025) (clarifying that the appeal period begins to run when the recommitment sentence is imposed); *see also In re Bridgeport Fire Litig.*, 51 A.3d 224, 229 (Pa.Super. 2012) ("Once an appeal is filed from a final order, all prior interlocutory orders become reviewable." (cleaned up)).

The Rules of Criminal Procedure dictate that a motion to reconsider must be filed within ten days of the imposed sentence, but the filing of such a motion does not toll the thirty-day appeal period. *See* Pa.R.Crim.P. 708(E). Rather, "[a]ny appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants

---

[4] Instead of providing an independent analysis of the issues counsel presents on appeal, the Commonwealth simply "agree[d] with Attorney Sabol's reasoning." Commonwealth's brief at 2. The Commonwealth shall file a responsive brief to Attorney Sabol's advocate's brief.

reconsideration or vacates the sentence."  Pa.R.Crim.P. 708, *Comment*; **see also** Pa.R.A.P. 903(a) ("[T]he notice of appeal required . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Here, Appellant's motion for reconsideration was timely filed.  **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on . . . any day made a legal holiday[, such as Veterans Day,] such day shall be omitted from the computation.").  However, the appeal period was not tolled because the court did not grant his motion within thirty days.  Thus, the February notice of appeal was facially untimely.

Nevertheless, "before our Court may quash the instant appeal, we must determine whether an administrative breakdown in the court system excuses the untimely filing of the notice of appeal."  **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007) (cleaned up).  When imposing a parole revocation sentence, the court must, *inter alia*, "advise the defendant on the record . . . of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]"  Pa.R.Crim.P. 708(D)(3)(a).  The court did not advise Appellant of his post-sentence rights at the November 1, 2024 hearing or in the order imposing his revocation sentence.  In light of this breakdown, we will not quash this appeal.  **See Commonwealth v. Delgado**, 311 A.3d 592, 2023 WL 8760537, at *3 (Pa.Super. 2023) (non-precedential decision) (declining to quash untimely appeal from parole revocation sentence where it found a breakdown in the

- 5 -

court system because the court did not advise defendant of her post-sentence rights under Rule 708).

Having settled this jurisdictional question, we now address Attorney Sabol's compliance with the technical tenets applied to **Anders** briefs:

> To withdraw pursuant to **Anders**, counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the **Anders** brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

> With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights.

> An **Anders** brief must comply with the following requirements: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> If counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Blango**, 327 A.3d 670, 675 (Pa.Super. 2024) (cleaned up).

Although Attorney Sabol fails to cite to the record in her **Anders** brief, she offers a detailed history of the case and otherwise has fully abided by the

aforementioned procedural obligations. Given her substantial adherence to the above requirements, we now review the issues outlined in the brief. *See Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa.Super. 2022) ("Substantial compliance with the *Anders* requirements is sufficient." (cleaned up)).

Attorney Sabol presents two issues: (1) "Whether the court erred in holding Appellant's revocation hearing *in absentia*[,]" and (2) "Whether the court erred [in] taking Appellant's time at liberty." *Anders* brief at 4 (some capitalization altered). We have elucidated the import of revocation hearings:

> [T]he purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290–91 (Pa.Super. 2008) (cleaned up).

The particular principles governing parole revocation procedures depend upon the supervising entity. Where a defendant "is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains

authority to grant and revoke parole[,]" whereas defendants sentenced for longer periods are supervised under the authority of the Pennsylvania Board of Probation and Parole ("the Board"). *See Commonwealth v. Ferguson*, 761 A.2d 613, 618 (Pa.Super. 2000) (cleaned up); *see also* 61 Pa.C.S. § 6132(a)(2)(ii) (reaffirming that trial courts maintain authority to parole "persons sentenced for a maximum period of less than two years").

All parolees are "entitled to minimum due process protections because of the possible deprivation of liberty inherent in parole revocation proceedings." *Ferguson*, 761 A.2d at 617 (cleaned up). While leaving the specifics up to the individual states, the Supreme Court of the United States outlined those minimum requirements to include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) **opportunity to be heard in person and to present witnesses and documentary evidence**; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (emphasis added).

For those under the supervision of the courts of common pleas, like Appellant, the Pennsylvania Rules of Criminal Procedure provide in pertinent part that *Gagnon II* hearings must comply with the following:

> **(A)** A written request for revocation shall be filed with the clerk of courts.

**(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708.

In its Rule 1925(a) opinion, the trial court found that it was unclear whether it could conduct a violation hearing without Appellant present. Instead, it found guidance from the rules governing the Board, which provide that "[t]he parolee has the right to be present during the entire proceeding, unless the parolee expressly waives that right, refuses to appear[,] or behaves disruptively." 37 Pa. Code § 71.2(13)(ii). Since "Appellant refused to appear, despite notice[,]" the court concluded that it was not improper for it to conduct the hearing *in absentia*. **See** Trial Court Opinion, 3/10/25, at 3. Attorney Sabol applied a similar analysis. **See Anders** brief at 11-12.

Both the trial court and Attorney Sabol fail to address Rule 708(B)(1), which applies to county parolees under court supervision and plainly mandates that the court promptly hold a **Gagnon II** hearing "at which the defendant is present and represented by counsel[.]" Pa.R.Crim.P. 708(B)(1). Our review of the record reveals that Appellant's first hearing, *in absentia* and without the benefit of counsel, was conducted in derogation of this rule. Since Appellant's claim that his rights were violated is thus not wholly frivolous, we deny

- 9 -

counsel's petition to withdraw and direct her to file an advocate's brief as to Appellant's first proposed issue.

Next, Attorney Sabol discusses Appellant's desire to challenge the court's refusal to grant him credit for the period beginning when he was paroled until the Commonwealth moved for revocation. Credit for time served in custody is generally governed by 42 Pa.C.S. § 9760. However, § 9760 does not speak to credit for time served while **released** from custody. In that regard, our jurisprudence is silent as to credit for time spent at liberty for parolees under court supervision. Nonetheless, counsel avers that, like the Board, a judge may, in its discretion, take away any portion of a parolee's time at liberty. *See Anders* brief at 13.

Lacking clear guidance on this issue, we look to the principles applied to the Board. Specifically, we consider 61 Pa.C.S. § 6138(a)(2.1), which relevantly provides:

> (2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).
>>
>> (ii) The offender was recommitted under [§] 6143 (relating to early parole of offenders subject to Federal removal order).

- 10 -

61 Pa.C.S. § 6138 (footnotes omitted). Our Supreme Court interpreted this provision as "grant[ing] the Board discretion to award credit[,] but it "must articulate the basis for its decision to grant or deny a [convicted parole violator] credit for time served at liberty on parole." ***Pittman v. Pennsylvania Bd. of Prob. & Parole***, 159 A.3d 466, 473-74 (Pa. 2017).

Here, the court heeded the recommendation of the parole officer that Appellant should not receive credit for his time spent on release. ***See*** Trial Court Opinion, 3/10/25, at 3 (noting that based upon this recommendation, it "felt it appropriate to revoke the entire time at liberty"). However, no explanation for that recommendation was given and the court did not provide further elucidation. While it is within a court's discretion to award credit, it would not be wholly frivolous to argue that the court abused that discretion in denying credit based upon a blanket recommendation without any elaboration. Accordingly, we also direct counsel to address this issue in its advocate's brief.

In light of the foregoing, we deny counsel's petition to withdraw and direct her to file, within thirty days of this decision, an advocate's brief as to these issues. The Commonwealth shall file a brief in response within thirty days thereafter.

Petition to withdraw denied. Panel jurisdiction retained.